# WILLIAM M. SMITH
*vs.*
## STATE OF MARYLAND.

## ADOLPH JAFFA
*vs.*
## SAME.

*Indictments: sufficiency of—; statutory offenses. Legislature:*
*delegation of authority; regulation of motor vehicles;*
*power of municipalities or State boards; transpor-*
*tation of passengers for hire;*
*variation of route;*
*jitneys.*

An indictment for a statutory offense is sufficient if it lays the charge in the words of the statute; this holds true even although the statute itself be not well expressed.           p. 484

The Legislature has the power to delegate to a municipality, to an official or to a board, the classification of motor vehicles and common carriers for the purpose of administering the Law of 1916 relating to motor vehicles using the public highways.
                                                                    p. 487

The fact that the owner of a motor vehicle, who regularly transports passengers for hire between given termini for a fixed compensation, varies his route from time to time does not exempt him from the obligation of complying with section 141, class F of Chapter 687 of the Acts of 1916.           p. 486

*Decided March 13th, 1917.*

Appeals from the Criminal Court of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The two causes were submitted on briefs to Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*William Curran* submitted a brief for the appellant.

*Wm. F. Broening, State's Attorney for Baltimore City,* and *Albert C. Ritchie, Attorney General,* submitted a brief for the appellee.

Stockbridge, J., delivered the opinion of the Court.

The Legislature of 1916 passed two Acts to regulate the licensing of automobiles. Both were approved by the Governor upon the same date. Of these Chapter 687 was in the nature of a general Act, relating to all vehicles operated by a power other than muscular, using the highways and roads of this State.

The terms of this Act were of a most sweeping character, the only exemption from its provisions being in the case "of motor vehicles engaged in the business of common carriers or placing such in a special class for regulation in other respects."

The other Act was Chapter 610, and was an Act to regulate license fees and the operation of motor vehicles to be used in the public transportation of passengers for hire. It was distinctly an Act relating to the licensing of motor vehicles used as common carriers. The rate of license required and the mode of determining it differed in the two Acts. In Chapter 610, because of its dealing with such vehicles as common carriers, there was the prerequisite required of a permit from the Public Service Commission of the State, and its assent to operate over a certain route and upon a named schedule.

The appellant in this case was indicted in the City of Baltimore for a violation of the provisions of Chapter 610, and the agreed statement of facts showed that he operated what is known as a "jitney" between definite terminals. The

indictment was demurred to upon the ground that it did not negative some of the provisions contained in Chapter 687. The demurrer was overruled for the reason that the offense as charged in the indictment was charged in the language of the statute. It is not necessary to refer to the large number of decisions in this State to the effect that where an indictment charges an offense in the terms of the statute it is sufficient, even though the statute itself may not be well expressed. This ground of attack upon an indictment has been frequently passed upon by this Court, and the line of decisions is long and uniform, sustaining an indictment of such a character. The latest of these is the case of *Mulkern* v. *State*, 127 Md. 41.

After the overruling of the demurrer to the indictment the traverser filed two special pleas, one to each count of the indictment. By the first count the offense charged was that the accused had operated a motor vehicle for the public transportation of passengers for hire without having presented to the Commissioner of Motor Vehicles a permit from the Public Service Commission. The special plea was to the effect that the traverser was operating under Chapter 687 and, therefore, was not required to obtain such permit.

The second count of the indictment was that before obtaining the license the accused had not filed a statement of the route on which said motor vehicle was to be used and the schedule under which it was to be operated. The plea to this count was to the effect that the motor vehicle was operated between Fayette and Howard streets, and Fayette and East streets, but that it had no definite route, nor any regular schedule, and, therefore, was under no obligation to file the same, and that the license for operation of a "jitney" in the manner set forth was one falling within the terms of the general law, Chapter 687, sub-division "F," and not under Chapter 610.

The State demurred to these special pleas, the demurrer was sustained, and upon an agreed statement of facts, which embodied the allegations of the indictment, and those con-

tained in the special pleas of the defendant, the case went to trial, the defendant was found guilty and sentenced, and this appeal has been taken.

From the foregoing outline it will be seen that the issue presented by this Record is but a single one, and very narrow, namely, whether there is a conflict between the two Acts of the Legislature so as to render either or both of them void, and if not, whether the conduct of the "jitney" business is of a character to bring it under the terms of Chapter 610, or Chapter 687.

The burden of the argument on behalf of the traverser is that because he does not follow at all times a prescribed route, and has no regular schedule upon which he operates his motor, that, therefore, he does not fall within the class specially exempted from the operation of Chapter 687, and included within the provisions of Chapter 610.

The distinction is sought to be drawn on the basis of definite route and an established schedule. This ground is not tenable. The intent of the legislative enactment is perfectly clear. What that body was attempting to do, was to distinguish as between motor vehicles operated as common carriers, and those not regularly so operated; the former would be subject to the provisions of Chapter 610; the latter' governed by the provisions of Chapter 687.

The confusion arises in large part from the provisions contained in the latter Act, Section 141, Class F, which reads as follows:

> "Class F. One dollar ($1.00) per horsepower or fraction thereof in the case of all motor vehicles operating for the purpose of transporting persons for hire upon any of the public highways of this State other than motor vehicles operating on fixed schedules, the registration fees of which are fixed by other specific provisions of law, and provided that said charge shall be in lieu of all other taxes, fees or charges of every kind upon said motor vehicles or upon the receipts of

those operating the same, except the taxes imposed
upon the same as personal property."

The purport of this section ought not to be liable to mis-
interpretation.   It is manifest that there are many motor
vehicles which at times of greater or less frequency may be
employed to transport persons for hire, and yet not come
properly within the definition of common carriers, and to
such the provisions of Class "F" apply.

That the owner of a motor vehicle who regularly trans-
ports passengers for hire between given termini for a fixed
compensation may, by varying his route from time to time
between such termini, change his classification, amounts to a
scheme to evade the provisions of law and can not find
countenance at the hands of the courts.

It is urged in the brief of the appellant, that the effect of
this holding would be to bring taxi cabs and vehicles of that
description within the provisions of Chapter 610.   That re-
sult by no means follows.   As was said in *Public Service
Comm.* v. *Booth,* P. U. R. 1916, A 955; 156 N. Y. S. 140:
"Many circumstances exist which place the "Jitney" in a
different class from the motor vehicle which carries passen-
gers by the hour or from one fixed place to another."   Whether
the present contention of the defendant is correct or not, has
no bearing upon this case; what is involved here is, the class-
ification for the purpose of fixing license fee of a motor oper-
ated as a "jitney," not of a taxi cab, or any other species of
use.   Those will be dealt with when a case presenting them
arises.

There is another consideration to be borne in mind.   The
amount of the license fee varies for different types of motor
vehicles.   Rules are prescribed by which the fees are to be
regulated.   The execution of these is confided to the Com-
missioner of Motor Vehicles.   The effect of this is to entrust
him with the exercise of a limited discretionary power, but
the classification of various motor vehicles is necessary for a

proper determination of the amount of the license, and clearly within the powers expressly conferred upon him.

With regard to the "jitney" it is equally essential that the power of determining whether or not a particular vehicle devoted to this use falls within the category of a common carrier so as to be amenable to Chapter 610, must be reposed somewhere, either in the Commissioner of Motor Vehicles or the Public Service Commission, and the determination involves the exercise of a discretion limited by the terms of the Acts of the Legislature.

In this case there was no suggestion of the abuse of such power by the Public Service Commission. No application for a permit was ever made to it. And yet that Commission was instituted for the express purpose of supervising and regulating the public utilities of the State, whether as carriers of passengers, or freight, and of other instrumentalities intended to minister to the public. The only application made was to the Commissioner of Motor Vehicles. If the discretionary power lay in him to classify a vehicle as between a common carrier and one not such, there is no defense to be taken upon the ground of any abuse by the Commissioner of Motor Vehicles of that discretion.

That the power of classification in such cases is one which may properly be delegated by the Legislature to a municipality or to an official or to a board charged with the administration of the particular subject, there can be no question. It is not a power which can be exercised by every individual for himself. The grant of powers to the Public Service Commission are amply broad enough to include within their jurisdiction a case like that now presented, and no error can be discovered in the conclusion reached by the Criminal Court of Baltimore City in overruling the demurrer to the special plea, and the judgment appealed from will, therefore, be affirmed.

*Judgment affirmed, with costs.*