# VANCE GOLDSWORTHY

## vs.

## PUBLIC SERVICE COMMISSION.

*Motor Vehicle Law—Common Carrier.*

Where the owner of a passenger truck hired it to another by a contract which provided that such other should use it for the purpose of transporting, between named points, such persons as he might desire to transport, paying a designated sum to the owner for each passenger carried, the parties to the contract were conducting the business of a common carrier, and consequently were subject to the provisions of Acts 1916, ch. 610, sec. 1, as amended by Acts 1918, ch. 199, sec. 1, in regard to the operation of public passenger motor vehicles for hire.

*Decided November 17th, 1922.*

Appeal from the Circuit Court for Allegany County (DOUB, J.).

Petition by William M. Maloy, J. Frank Harper and Ezra B. Whitman, constituting the Public Service Commission of Maryland, against Vance Goldsworthy and George T. Buckell to restrain the operation of motor vehicles for the public transportation of passengers without first obtaining a permit. From an order overruling a demurrer to the petition, the defendants appeal. Affirmed.

The contract referred to in the opinion was as follows:

This agreement made this 27th day of June, 1921, by and between Vance Goldsworthy, of the first part, and George T. Buckell, of the second part,

Witnesseth, Whereas the said party of the first part is the owner of a large motor truck suitable for carrying persons

## Contract.

and merchandise and for the operation of which he has obtained from the Commissioner of Motor Vehicles, a license permitting him to operate the said truck for hire, as provided by law, upon the roads of Maryland. And whereas the said party of the second part desires to contract with the said party of the first part for the hire of the said truck,

Now, therefore, this contract witnesseth, That the said party of the first part does hereby hire the said truck unto the party of the second part for and during a period of two weeks from the date hereof and thereafter for a like period of two weeks from time to time until either of the parties shall give the other one week's notice of his desire to discontinue the same, for the purpose of transporting such persons as the said party of the second part shall desire, from Gilmore, Allegany County, Maryland, to Barton, Allegany County, Maryland, and from Barton to Gilmore, making each working day, one trip with the said truck each way. The said trip from Gilmore to Barton being made at such time in the day as to deliver those carried, at Barton, in time to engage in their daily occupation and the trip from Barton to Gilmore at such hour in the afternoon as will provide the means of leaving Barton at the termination of their regular day's work.

The said party of the first part to carry any and all persons designated by the said party of the second part, to a number equal to the capacity of said truck and to be paid by the party of the second part in manner as follows: at the end of each week the said party of the second part will pay the party of the first part the sum of $2.00, for every trip each way made during the said week in conformity with this agreement and that an account shall be kept of the number of persons so conveyed on each trip whenever the number is in excess of fourteen and for all such number in excess of fourteen there shall be paid in addition to the aforesaid trip price, the sum of fifteen cents per person so in excess of fourteen, each trip.

It being understood and agreed between the parties hereto that the said contract of hiring contemplates likewise the services of a driver who shall operate the said truck, to be furnished at the expense of the said party of the first part.

Witness the hands and seals of the said parties hereto, the day and year first hereinbefore written.

|  |  |
|---|---|
| Vance Goldsworthy. | (Seal) |
| George T. Buckell. | (Seal) |

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Horace P. Whitworth*, submitting on brief, for the appellants.

*Joseph S. Goldsmith*, for the appellee.

BOYD, C. J., delivered the opinion of the Court.

William M. Maloy, J. Frank Harper and Ezra B. Whitman, constituting the Public Service Commission of Maryland, filed a petition against the appellants under section 28 of chapter 180 of Acts of 1910, being section 440 of article 23 of Code of 1912, in which they allege that the defendants are operating, or causing to be operated, a motor vehicle owned by Vance Goldsworthy, one of the defendants, in the public transportation to and fro of passengers for hire, over the state, state aided, or improved county roads between Gilmore and Barton, in Allegany County, without having obtained a permit from the said Public Service Commission, as required by section 1 of chapter 610 of Acts of 1916, as amended by section 1 of chapter 199 of the Acts of 1918, section 189 of article 56, 4th vol. of Code. With the petition was filed a copy of a contract between Goldsworthy and George T. Buckell, the other defendant, purporting to show the terms under which the motor vehicle hired was to be operated. By leave of court the petition was amended—the

amended petition being the only one that appears in the record. The prayers in it are: (1) That the defendants be peremptorily restrained and enjoined by a preliminary injunction from operating or causing to be operated, pursuant to the terms of the contract referred to, or otherwise, one or more motor vehicles in the public transportation of passengers for hire between the points named without first having procured a permit to do so from the Public Service Commission; (2) that the preliminary injunction may in due course become and be made final and perpetual and, (3) for general relief.

In the docket entries it is shown that an answer was filed to the orginal petition and the same day a demurrer to it was filed. After the petition was amended, an answer to it was filed, which concluded as follows:

> "Wherefore these defendants, having now fully answered the bill of complaint against them exhibited in this case, and having raised the question as to the existence of equity in said bill, pray that this case may be heard upon the bill and this answer, as upon demurrer, and that the said bill against them and each of them be dismissed with costs."

The demurrer to the original petition is not in the record, and the only reference to one to the amended petition is what is stated above. Although under the recent rules adopted by this Court, a defendant is entitled by answer to insist upon all matters of defense in law or equity to the merits of a bill, of which he may be entitled to avail himself by demurrer, and, although Rule 18 provides that "every defense in point of law arising upon the face of the bill or petition * * * which might heretofore have been made by demurrer or plea, shall be made by demurrer or by answer," etc., the form adopted in this answer is, to say the least, unusual, but no point has been made about it, and we understand that the intention of the parties and of the court was to treat what we have quoted as a demurrer. At the conclusion of the opinion of the court it

is said: "So it must be held that the plaintiffs are entitled to the relief prayed for and the demurrer is overruled. A preliminary injunction *will be* granted." The order for appeal is simply to "enter an appeal to the Court of Appeals of Maryland in the above entitled case." As no preliminary injunction has been issued, and none has been ordered, so far as appears from the record, there could have been no appeal from the statement in the opinion, that it *will be granted,* and we have therefore assumed that the appeal was intended to be from the overruling of the demurrer, and we will so treat it.

The important question involved, is whether there is sufficient in the petition to show that the defendants were required to obtain a permit from the Public Service Commission—that question also involving one as to whether they ought to be treated as common carriers. A contract was entered into between the two defendants in reference to the hiring of the motor vehicle, and as a copy of that was filed with the petition and relied on by the defendants, we will ask the reporter to insert it in his report of the case.

Its terms are peculiar, to say the least. It would be difficult for anyone reading it to escape the impression that there was some reason, beyond merely hiring the truck, for entering into it. The truck is suitable, according to the contract, for carrying persons and merchandise, and Goldsworthy had obtained a license from the Commissioner of Motor Vehicles permitting him to operate it for hire. By the contract, he hired it to Buckell for a period of two weeks, renewable from time to time for two weeks more, until either gave a written notice to the other of his desire to discontinue the arrangement, for the purpose of transporting such persons as Buckell shall desire, from Gilmore to Barton, and from Barton to Gilmore, making one trip each way every working day. The trip was to be made at such time in the day as to deliver those carried from Gilmore to Barton in time to engage in their daily occupation, and from Barton

to Gilmore at such hour in the afternoon as would provide
the means of leaving Barton at the end of their regular day's
work.

Goldsworthy was to carry any and all persons designated
by Buckell, to a number equal to the capacity of the truck—
Buckell to pay him at the end of each week, two dollars for
every trip made each way during the week, and an account
was to be kept of the number of persons so conveyed on each
trip, when the number was in excess of 14, and Buckell was
to pay him fifteen cents per person for each one in excess of
that number. Goldsworthy was to furnish the driver. As
Buckell was to pay $2.00 for each trip, whether there were
fourteen or less, it is not reasonable to suppose that he would
not be expected by Goldsworthy to solicit business and take
all he could get, up to the capacity of the truck, and there
is nothing whatever in the contract to prevent that, but it is
said that Goldsworthy is only required to carry those desig-
nated by Buckell, and hence he was not a common carrier,
and by the same kind of reasoning, Buckell would not be a
common carrier.

The statute (sec. 189, art. 56, 4th vol. Code) provides that
"It shall be the duty of each owner of a motor vehicle to be
used in the public transportation of passengers for hire,
operating over state, state aid, improved county roads * * *
to secure a permit from the Public Service Commission of
Maryland to operate over said roads and streets,"etc.  The
petition charges that the defendants are now, without having
obtained such permit, operating, or causing to be operated, a
motor vehicle owned by Goldsworthy, "in the public transpor-
tation to and fro of passengers for hire," etc.—following
closely the language of the statute.  The answer admits the
contract, and that the defendants are operating under it, but
it denies that the defendants or either of them "are now
operating or ever operated a motor vehicle in the public trans-
portation of passengers for hire, in the carrying out of the
obligations in said contract between them or otherwise since

being enjoined therefrom by this court." We understand
the latter to refer to some other case not before us. One
reason we referred above to the form adopted in demurring, is
that a demurrer admits the allegations of a bill or petition
well pleaded, and hence there might well be some difference
between considering the case on bill and answer, from doing
so on a demurrer, and hence it is somewhat confusing to
have a demurrer presented as this is. We do not find any-
thing in the record to show that the parties, or the lower
court, intended to be governed by the ordinary rule where a
case is submitted on bill and answer, but, as we have said, it
was treated as a demurrer.

But the contract is before us, and that is really what must
to a great extent govern us, and when we consider its terms,
we cannot avoid the conclusion that operating under it is not
a sufficient reason for not obtaining a permit from the Public
Service Commission. Goldsworthy, the owner of the truck,
hires it to Buckell for the purpose of transporting such per-
sons as he (Buckell) shall desire and agrees "to carry any
and all persons designated by him (Buckell) to a number
equal to the capacity of said truck." The petition alleges
that the passengers varied in number at different times from
half a dozen to twenty or more. If it be held that an owner
of a motor vehicle can thus relieve himself of complying
with the requirement of the law, to obtain a permit from the
Public Service Commission, and from being placed in the
class of common carriers, it will furnish an easy way to
evade the law. If Goldsworthy can say, "I am not a common
carrier, I only carry such persons as Buckell shall desire, or
such as may be designated by him, and keep up that business
for an indefinite time, of hauling from half a dozen to twenty
or more persons every trip, without being amenable to the
law as a common carrier, it would be useless to pass such
statutes as we have on the subject.

This is a very different case from *Towers et al.* v. *Wil-
dason*, 135 Md. 677. There it was held that the use the ap-

pellant made of his car did not constitute him a common carrier, as that term is defined by the statutes therein referred to, chapter 180 of the Acts of 1910 (section 413 of article 23, Code 1912) and section 1½, chapter 445, Acts of 1914 (section 413 A of article 23, vol. 3 of Code). JUDGE THOMAS, who delivered that opinion, quoted from those acts and said that the first one "declares that the term 'common carrier' shall include all railroad corporations, etc., 'and all persons and associations of persons * * * operating such agencies for public use in the conveyance of persons or property within this State,' " and that the other one "provides that 'the term common carrier * * * shall likewise include all automobile transportation companies and all persons and associations of persons, whether incorporated or not, operating automobiles or motor cars, or motor vehicles for public use in the conveyance of persons or property within this State.' " He added that, "it is clear from the evidence in the case that the use that the defendant made of his car did not constitute him a common carrier as that term is defined by the statutes referred to. He did not operate his car 'for public use,' but only for his use and the use of the five men we have named. The evidence is clear and undisputed that he never carried anybody from Belair to Aberdeen, or from Aberdeen to Belair, except the five men named in his testimony, and that the public were excluded from the use of his car."

There is, of course, no such evidence as that in this case, as no testimony has been taken, but there is no such allegation in the answer, even if it be conceded that we could consider it if there was, notwithstanding the case is before us by reason of the demurrer, and no such inference can be drawn from the contract, or from what is alleged in the petition.

In this connection it may be well to say that since the decision of *Towers et al.* v. *Wildason, supra,* the Legislature has, by ch. 677 of the Acts of 1920, added still another pro-

vision to article 23, which reads as follows: "Sec. 424A. This sub-title shall apply to taxicabs or other motor vehicles used in the public transportation of passengers within the State of Maryland, and said taxicabs and motor vehicles are hereby clessified as common carriers." That was not referred to by either side, although it would seem to have some significance, as it was passed a few months after the case of *Towers* v. *Wildason* was decided, and uses the term "public transportation of passengers," which is used in section 189 of article 56 (vol. 4 of Code).

In *Smith* v. *State*, 130 Md. 482, the appellant was indicted on two counts. In the first one the offense charged was that the accused had operated a motor vehicle for the public transportation of passengers for hire without having presented to the Commissioner of Motor Vehicles a permit from the Public Service Commission. JUDGE STOCKBRIDGE, in speaking for the Court, considered the two acts of 1916, chapter 610 and chapter 687, * * * the accused claiming that the latter, and not the former, was applicable to him. He also contended that his motor vehicle had no definite route, nor any regular schedule, and therefore he was under no obligation to file a statement of the route over which his motor vehicle was to be used, or the schedule under which it was to be operated, the violation of the statute as to that being charged in the second count. JUDGE STOCKBRIDGE said: "That the owner of a motor vehicle who regularly transports passengers for hire between given termini for a fixed compensation may, by varying his route from time to time between such termini, change his classification, amounts to a scheme to evade the provisions of law and cannot find countenance at the hands of the courts." It would seem that that statement might with propriety be applied to a contract of this kind, if *it* is to determine whether the contracting parties are common carriers, and thus change the classification from one under chapter 687 of Acts of 1916 to one under chapter 610 of those acts. What is said by the Court in that

case as to the right of the Legislature to delegate the power of classification to a municipality, or to an official, or to a board charged with the administration of the particular subject, must be borne in mind, although, of course, we do not mean to say that the discretion so delegated, if abused, could not be reviewed by the courts.

The use of motor vehicles in carrying passengers and property has become very general in this State, as well as elsewhere, and while such business should not be unnecessarily interfered with, the protection of the public demands careful supervision and proper control over them, in so far as they are brought within the statutes. The owners certainly should not too readily be permitted to enter into contracts, or adopt measures, which will enable them to readily evade the letter or the spirit of the statutes intended to govern them. It may be possible that testimony may present this case in a different light, but on this demurrer, when the allegations in the petition and this contract are considered, we think the lower court was right in overruling the demurrer. If testimony is desired, and there is no special reason for granting the preliminary injunction at once, the court can authorize evidence to be taken within such time as it deems proper, before proceeding further, but we must affirm the order overruling the demurrer.

*Order affirmed, the appellants to pay the costs, and cause remanded.*