[No. 19438. Department One. January 18, 1926.]

THE STATE OF WASHINGTON, *Appellant,* v. BEE HIVE AUTO SERVICE COMPANY, INCORPORATED, *et al.,* *Respondents.*

THE STATE OF WASHINGTON, *Appellant,* v. BEE HIVE AUTO SERVICE COMPANY, INCORPORATED, *et al.,* *Respondents.*[1]

[1] CARRIERS (2)—WHO ARE COMMON CARRIERS — AUTOMOBILES LET FOR HIRE. The letting of an automobile for hire is not a carrying for hire, and does not make the lessor a common carrier of passengers for hire, within Rem. Comp. Stat., §§ 6382, 6384, 6385, regulating carriers and requiring a permit from the secretary of state.

Appeals from judgments of the superior court for King county, Griffiths, J., entered June 18, 1925, dismissing prosecutions for unlawfully transporting passengers for hire in a motor vehicle, upon sustaining demurrers to the informations. Affirmed.

*Ewing D. Colvin* and *Harry A. Rhodes,* for appellant.

*Poe, Falknor, Falknor & Emory,* for respondents.

FULLERTON, J.—Two appeals are here involved, consolidated for the purposes of the hearing. As they present but a single question, we may treat them as one.

The corporation defendant and the individual defendant were charged by information with having violated the statute commonly known as the jitney bus act. Laws of 1915, p. 227; Rem. Comp. Stat., §§ 6382, 6384, 6385. This statute makes it unlawful for any person, firm or corporation, other than a steam, street or interurban railway company, to engage in or carry on the business of carrying or transporting passengers for hire in any motor propelled vehicles along any

¹Reported in 242 Pac. 384.

public street, road or highway, within the corporate limits of a city of the first class, without first obtaining a permit so to do from the secretary of state, and without depositing and keeping with such secretary a bond in a stated sum, conditioned as therein prescribed.

The facts stated in the information, as supplemented by the stipulation of the parties, thought to constitute a violation of the act, are in substance these: The defendant, Bee Hive Auto Service Company, is a corporation, engaged in the business, as a part of its general business, of leasing automobiles for hire. The individual defendant is the manager of the corporation defendant. On September 23, 1924, the corporation, acting by the manager, leased to one J. P. Worden and one Harry Comber a Ford automobile for use in the city of Seattle, a city of the first class, for such time as the lessees desired to use the automobile. The agreed rental was seventy-five cents per hour, plus certain additional charges for wreckage and theft insurance, and for the cost of the oil and the gasolene used while the automobile was in the possession of the lessees. The lessees took possession of the automobile and used it on the streets of the city of Seattle for a definite time and returned it to the lessor. While using it, they carried in it no one but themselves. The total charge for the service was one dollar and sixty-five cents.. The automobile was duly licensed by the corporation, and, while used by the lessees, had displayed upon it the license number issued to the corporation by the public authorities.

The trial court reached the conclusion that the acts charged did not constitute a violation of the cited act, either by the corporation or its manager, and entered a judgment dismissing the prosecution. The state appeals.

[1] It is our opinion that the trial court reached a correct conclusion. To let an automobile for hire, in the absence of a statute prohibiting it, if the letting is otherwise for a lawful purpose, contains no element of crime. Automobiles do not differ in this respect from any other species of personal property, and the keeping of personal property to be let for hire has ever been regarded as a legitimate and lawful business. The question for determination, therefore, is, does the cited statute prohibit the letting of an automobile by its owner to another for that other's use in a city of the first class. That it contains no direct prohibition to that effect must be conceded. If it prohibits the act at all, it does so by reason of the fact that it prohibits the carrying of passengers for hire in a city of the first class without complying with certain conditions, and by reason of the further fact that the letting for hire of an automobile to the use of another is to carry that other as a passenger for hire. But we cannot think the act of leasing has this result. It is true, of course, that the lessor, by the act of leasing, enters into certain obligations, so well understood as not to require enumeration here; but we think it manifest that he does not, by the act, undertake to carry anyone, and much less does he become by the act either a public or a private common carrier of passengers for hire. His situation is not different in legal effect from that of the old-time occupation of livery stable keeper, who keeps teams and carriages to let for hire. No court, in so far as we are aware, has ever held such a keeper to be a common carrier of passengers, and we think a like rule must apply to the defendants in this instance.

The judgments are affirmed.

TOLMAN, C. J., ASKREN, HOLCOMB, and MACKINTOSH, JJ., concur.