[No. 21439. Department One. October 31, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. HERTZ DRIV-UR-SELF STATIONS, INCORPORATED, *Appellant*.[1]

*Paul W. Houser* and *E. C. Million*, for appellant.

*J. A. Sorley*, *Bertil E. Johnson*, and *Edward Hofstede*, for respondent.

[1]Reported in 271 Pac. 331.

BEALS, J.—This action was instituted by the state of Washington, as plaintiff, against Hertz Driv-Ur-Self Stations, Inc., a corporation, as defendant, the state filing an information charging the defendant with having committed the "crime of operating an automobile without having the license required by law." A jury having been waived, the matter was submitted to the superior court upon defendant's plea of not guilty; the court, after argument, adjudged the defendant guilty as charged and imposed a fine. From this judgment and sentence defendant appeals.

It appears from the evidence, the facts being undisputed, that appellant is a corporation engaged in the business of renting automobiles to persons who desire to use the same. Appellant does not furnish drivers for the cars which it leases, but conducts what is known as a "driv-yourself" system. It procured "privately owned" licenses for its cars and rented them under its tariff of charges to such persons as desired to lease them.

Respondent contends that appellant's cars were "for hire" cars and should be licensed as such, and that the renting by appellant of one of its cars without such a license rendered appellant guilty of the offense charged. Rem. Comp. Stat., § 6313, defines certain words and phrases used in the motor vehicle act, paragraphs eleven and twelve of said section reading as follows:

"(11) 'Privately owned' shall include all motor vehicles not operated for hire, and shall include hearses, ambulances, or any other motor propelled vehicle used exclusively in connection with the conduct of funerals.

"(12) 'For hire' shall be taken to mean all motor vehicles other than auto stages, used for the transportation of persons, for which transportation remuneration of any kind is received, either directly or indirectly."

If the car owned by appellant comes within the definition of "for hire" cars, as contained in paragraph twelve, the judgment should be affirmed; otherwise it must be reversed.

In the case of *State v. Bee Hive Auto Service Co.,* 137 Wash. 372, 242 Pac. 384, this court held that the leasing of an automobile to a person who drove the same himself, the lessee paying for the use of the car an agreed amount of money, did not render the lessor guilty of an offense by way of violation of a statute prohibiting any person from engaging in the business of carrying or transporting passengers for hire in any motor propelled vehicle along any public street within the corporate limits of a city of the first class, without first obtaining a permit in the manner provided by law. It was there held that the letting of an automobile to the use of another did not amount to the carrying of passengers for hire. While this case does not present exactly the point presented by the case at bar, the reasoning of the court applies with considerable force to the situation now before us.

Respondent attempts to distinguish the case cited, arguing that the law upon which that prosecution was based deals with the business of transportation, and not with the instrumentality used therefor; while the law upon which this prosecution is based refers to the instrumentality, rather than the use to which the same is put. The argument of counsel for respondent is engaging, but not convincing. In our opinion, an automobile kept and maintained for rental to persons who drive it themselves does not come within the definition of "for hire" cars, above quoted.

Appellant is prosecuted under a criminal statute, and in determining whether or not the act of appellant constituted an offense, the law is to be con-

strued strictly, rather than liberally. The "for hire" car is defined to be a motor vehicle "used for the transportation of persons for which transportation remuneration of any kind is received, either directly or indirectly." The remuneration, the paying of which determines the status of the vehicle, is for the "transportation of persons," as is clearly indicated by the words "which transportation," not for the use of the car.

In our opinion, the testimony failed to show that appellant had been guilty of any offense under the law, and the judgment of guilty was therefore erroneous.

Judgment reversed, with order to dismiss the proceeding.

FULLERTON, C. J., TOLMAN, HOLCOMB, and MITCHELL, JJ., concur.