E. AUSTIN BAUGHMAN, COMMISSIONER, v. STERRETT OPERATING SERVICE, INC.

[No. 10, April Term, 1934.]

*Decided June 11th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*G. C. A. Anderson, Assistant Attorney General,* with whom was *Wm. Preston Lane, Jr., Attorney General,* on the brief, for the appellant.

*Huntington Cairns* and *McKenny W. Egerton,* with whom were *Piper, Carey & Hall* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The question here is as to the construction of a statute fixing the license charges for "commercial motor vehicles operating without a Public Service Commission permit in

the transportation of freight or merchandise for hire," in accordance with the schedule therein prescribed. Acts 1933, ch. 281, repealing and re-enacting Code (Supp. 1929), art. 56, sec. 182.

The plaintiff, appellee, is a corporation, incorporated under the laws of Delaware, qualified to do business in Maryland. It owns thirty-seven commercial vehicles, which are leased to individuals, partnerships, and corporations doing business in Maryland. The vehicles are leased under a form of agreement whereby it is provided: "That the term of this agreement shall be for one year from the last day of the month in which the first vehicle hereunder is available for service, with the further understanding and agreement that the term shall be automatically extended from year to year thereafter unless cancelled as herein provided." Provision is made for the cancellation of the contract by either party upon written notice given sixty days before the end of any contract year. If the lessee cancels he must buy the vehicle; if the lessor, the lessee may buy it at the price fixed by the depreciation schedule contained in the agreement. The specimen contract filed as an exhibit to the bill of complaint provided for a monthly service charge of $59.65, and a per mile charge of fifty-nine cents, and by it the lessor was to provide storage, and furnish all gasoline, oil, repairs, washing, polishing, oiling and greasing. The lessor pays all license fees and insurance on everything except the lessee's goods. "The vehicles * * * listed will be supplied by S. O. S. (appellee) for the sole use of customer and will to all external appearances be his own private vehicles; however, title thereto shall at all times be and remain vested in S. O. S." The cars so leased are used by the lessees in the hauling of their own merchandise and not for the transportation, by such lessees, of freight and merchandise of others for hire, and it is this provision, along with one by which the "Customer" provides the driver or chauffeur, that the plaintiff contends makes of the transaction a renting or leasing and not a hiring of the vehicle.

The General Assembly, in 1933, passed an act, chapter 281 (sec. 3), providing for the readjustment of license charges for commercial motor vehicles, which provided that the licenses of all vehicles affected by the act should expire and be canceled the first day of June, 1933, and that those so affected would be required to obtain new licenses at the rates prescribed by the act, with a credit for the unexpired portions of the fees already paid.

The bill charges that the plaintiff is informed that, unless it procures licenses under the provisions of the Act of 1933, at the rates therein prescribed, E. Austin Baughman, commissioner of motor vehicles, the appellant, will prosecute the plaintiff or its lessees and their drivers for the violation of that act, and prayed that its rights in the matter be determined and that the commissioner of motor vehicles be enjoined from interfering with the use of the license plates issued to it under the law as existing prior to the Act of 1933, and unchanged, so far as it was concerned, by the provisions of that act.

These are substantially all of the facts alleged in the bill of complaint; at least all that we regard as necessary to a decision of the question here submitted.

The defendant answered, and by his answer admitted the facts alleged, but contended for a different construction of the act, so far as it applied to the plaintiff's business. It was virtually a demurrer to the bill, and may be so considered. *Goldsworthy v. Public Service Commission,* 141 Md. 674, 119 A. 693. The case was submitted on bill and answer, and from a decree in favor of the plaintiff the defendant appeals.

The decision in this case depends on the meaning adopted of the words "for hire."

In 29 *C. J.* 756, it is said: "The word 'hire' is associated with the act of employment rather than the reward for services done; and in the latter connection is more on the plane of wages than of salary, although in a sense it comprehends both; and is also applied to engaging the use of property. We have very ancient and highly respcted authority for the understanding that it was the wages or re-

ward for personal service or employment (Luke X 7; 1 Timothy V 18), as well as the act of being hired. The *Century Dictionary* defines it as, "The price or compensation paid or contracted to be paid for the temporary use of some thing, or for personal services or labor," and *Rawle's Bouv. Law Dict.*, as "A bailment in which compensation is to be given for the use of a thing, or for labor and services about it." Its commercial use is now more generally applied to motor vehicles than any other thing, and in this respect it is generally a combination of personal service and the use of the car or truck in the carrying of passengers or merchandise. See *First National Bank of Wilkesbarre v. Barnum* (D. C.) 160 Fed. 245.

In the instant case the plaintiff contends that the relationship is like that of a landlord and tenant, in which there is a complete surrender of control over the thing leased, let or rented to the lessee, as opposed to any element of personal service, which it insists is opposed to a hiring, or carrying freight by the owner for hire, emphasized by the condition in the contract that the plaintiff's customer can only use the trucks for the hauling of his own goods.

The plaintiff depends for its construction of the act upon the decisions of other courts of highly respectable authority, in drive-it-yourself cases, wherein it was held that the letting, renting, or selling of the use of a car, to be driven by the customer, was not a hiring within the meaning of statutes similar to ours. *State v. Dabney*, 176 Ark. 1071, 5 S. W. (2nd) 304; *State v. Bee Hive Auto Service Co.*, 137 Wash. 372, 242 P. 384; *State v. Hertz Drive-Ur-Self Stations, Inc.*, 149 Wash. 479, 271 P. 331; *Armstrong v. Denver Saunders System Co.*, 84 Colo. 138, 268 P. 976, the last a four-three decision. Annotation 80 A. L. R. 574.

In many jurisdictions the situation here presented, the hiring, renting, or leasing of cars, has been declared by statute to belong to a separate classification and taxed or licensed as such. *Welch v. Harnett*, 127 Misc. 221, 215 N. Y. S. 540; *Cotter v. Stoeckel*, 97 Conn. 239, 116 A. 248.

54

See cases cited in *Blashfield Cyc. of Auto. Law,* and Supplements, pp. 2800, 2801.

In this court, however, the exact question involved has been decided in the case of *Baughman v. Milstone,* 144 Md. 223, 125 A. 69, 71, a drive-it-yourself case. The appellee leased or rented automobiles to customers to be driven by them, provided they had secured drivers' licenses from the commissioner of motor vehicles. The customer, on taking a car, was required to sign a receipt in the nature of the acceptance of a lease, in which his obligations were recited with considerable detail. The commissioner had threatened to arrest the customers because they were driving cars for which they had not secured registration cards or certificates. The plaintiff, Milstone, contended that the cars were hired, and that no registration was required of the customer, as he was not the owner. Of the relationship existing between the plaintiff and his customers, and its definition, this court said:

"It will be seen that in the bill of complaint the business of appellee is described as that of 'selling the use of motor vehicles'; while in the form of receipt the language used indicates a leasing.

"But it is the substance and not the form with which we are here concerned. The transaction, as appears from the whole case, is really a hiring, in which the user of the car has possession and control of the car for a brief period. According to the averment of the bill, 'in practically every case * * * this use extends only for a period of four or five hours, and, at the most, one day. In rare instances motor vehicles are delivered to be used for two or three days, and never for a period as long as a week.' The said control, however, is by the terms of the agreement liable to be terminated at any time by the appellee. The question to be decided is: When a motor vehicle is hired under a written agreement which gives the party in temporary possession exclusive control of the motor vehicle for a short period of time, not exceeding two or three days, but co-extensive with the period of hiring (unless the use be sooner terminated by the true owner), is the person to

whom the vehicle is hired the owner for the purposes of registration, titling, etc., under the provisions of Code, art. 56, sec. 134 *et seq.*? Our answer to that is 'No.' "

The only substantial difference in the character of the business described in the *Milstone* case, supra, and that in the instant case, is in the length of time cars are let, rented, or hired, and, as the business in the cited case was declared to be a hiring, a definition which was essential to the decision, in our opinion it is conclusive of the question now here for decision, and means a reversal of the decree appealed from.

*Decree reversed, with costs.*