41 P.(2d) 522

ROESKE v. LAMB et al.

No. 3980.

Supreme Court of New Mexico.

Feb. 11, 1935.

See, also, 38 N. M. 309, 32 P.(2d) 257.

David A. Grammer, of Albuquerque, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for appellees.

BICKLEY, Justice.

Appellant, plaintiff below, alleges in his complaint that he is engaged in the business of letting passenger motor vehicles for hire; that he lets his motor vehicles, as any chattel is leased; that he does not furnish drivers or operators for the said motor vehicles; and that he has no custody nor control over the said motor vehicles so long as the bailment continues. Plaintiff below, and appellant here, further alleges that he is not engaged in the business of carrier for hire, either common, contract, or private; nor is he, nor the business which he carries on, within the provisions of chapter 154 of the Session Laws of New Mexico 1933.

Appellant further alleges that he is informed that the defendant below, and appellee here, the state corporation commission, is about to interfere with appellant in the lawful conduct of his business; that the threatened action of the appellee will work irreparable harm and injury to the appellant in his business; and that the appellant is without remedy at the law. He prays in his complaint for an order restraining the appellee from interfering with the conduct of the appellant's business, and for general relief.

The appellee filed a demurrer to the complaint on the ground that "The Plaintiff comes within the definition of 'contract motor carrier of Passengers' as defined in section 14 (b) of Chapter 154, Laws of 1933." The demurrer was sustained. From the order sustaining the demurrer, the appellant appeals.

No question is raised as to the power of the Legislature to confer upon the state corporation commission the power to regulate the use of the public highways by common carriers and contract carriers for hire,

whether what is transported be passengers or property.

The following allegations of the complaint, the truth of which is confessed by the demurrer, identify the nature of the appellant's business:

"That the Plaintiff is engaged in the business of letting passenger motor vehicles in the State of New Mexico for hire.

"III. That the said Plaintiff lets his motor vehicles, as any chattel is leased; and that he, the said plaintiff, does not furnish drivers or operators for the said motor vehicles; and that the said Plaintiff has no custody or control over the said motor vehicles so long as the bailment continues, and so long as the relation of lessor and lessee exists between the said Plaintiff and his casual lessees.

"IV. That this Plaintiff is not engaged in the business of carrier for hire, either common, contract or private; nor is he, nor the business which he carries on, within the provisions of Chapter 154 of the Session Laws of New Mexico of 1933."

A carrier has been defined: "A carrier is one that undertakes the *transportation* of persons or movable property. * * * A private carrier is one who, without being engaged in such business *undertakes to deliver* goods in a particular case for hire or reward." 10 Corpus Juris 37, quoting Abbott's Law Dictionary.

"Carrier: (2) One * * * employed in, or engaged *in the business of carrying* goods for others for hire. * * *" Webster's New International Dictionary.

Counsel for appellant says: "In the business of *carrier*, there is inherently connected with the business the idea of a bailment of goods (or persons) for delivery *by the carrier*. The essential element distinguishing the business of Appellant from that of Carrier is this: That Appellant does not *deliver* anything; That he is bailor of the *means of transportation* only."

Counsel for both parties cite the cases of State v. Dabney, 176 Ark. 1071, 5 S.W.(2d) 304, and State v. Bee Hive Auto Service Co., 137 Wash. 372, 242 P. 384, 385, as illuminating on the question of the status of driverless car companies as carriers. In the first, it was said: "The undisputed testimony shows that the appellee was not engaged in the business of operating a jitney, taxicab, or motorbus line, but only in renting or hiring to individuals, who applied therefor, cars of different styles and sizes to be operated by the hirer at his own risk and discretion. Such operation of such business did not constitute appellee either a private or public carrier of passengers or his business the using of motor vehicles for the transportation or delivery of persons or passengers for hire within the meaning of the act. *He was not a carrier of passengers at all*, nor liable to the payment of the additional tax required under section 36 (d) of the Act." (The emphasis is ours.)

In the second: "* * * It is true, of course, that the lessor, by the act of leasing, enters into certain obligations, so well un-

derstood as not to require enumeration here; but we think it manifest that *he does not by the act undertake to carry any one, and much less does he become by the act either a public or a private common carrier of passengers for hire.* His situation is not different in legal effect from that of the old-time occupation of livery stable keeper, who keeps teams and carriages to let for hire. No court, in so far as we are aware, has ever held such a keeper to be a common carrier of passengers, and we think a like rule must apply to the defendants in this instance. The judgments are affirmed." (Italics ours.)

The Attorney General further concedes that the Legislature cannot, by fiat, convert one into a carrier when in fact he is not. But he argues the statute is sufficiently broad to include regulation by the commission of all "Public Service Vehicles" whether used by the owner in the business of carrier or not.

The title of the act (chapter 154, Sess. Laws 1933) in part is as follows: "An Act Relating to the Supervision and Regulation of the Business of the Transportation by Motor Vehicles for Hire Over the Public Highways of the State of New Mexico."

The title nowhere gives notice of an intention to regulate public service vehicles not used in the "Business of Transportation."

By its terms, the act regulates, not public service vehicles, but carriers, and carriers only. The act nowhere uses the phrase "Public Service Vehicles." If it was the legislative intention to regulate "Public Service Vehicles" regardless of whether such vehicles are used in the business of a carrier of property or passengers for hire, or not, it would have used language appropriate to indicate such intention.

The power of the Legislature has been adverted to. The question here involved is not the power of the Legislature to regulate "Public Service Vehicles," independently of their use in the carrier business, but has it undertaken to do so? We think it has not.

The judgment is reversed and the cause remanded with directions that the demurrer be overruled, and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.