# Louisville Taxicab & Transfer Co. et al. v. Blanton, Director of Division of Motor Transportation.

May 9, 1947.

Rehearing denied June 20, 1947.

W. B. Ardery, Judge.

180

Stanley B. Mayer, Davis, Boehl, Viser and Marcus, and Mortimer Viser for appellants.

Eldon S. Dummit, Attorney General, and Dennis B. Wooton, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The Louisville Taxicab & Transfer Company, the Hertz Drivurself Stations, the Dixie Drive It Yourself System and The U-Drive-It Company (all of which will hereinafter be referred to as the Companies) instituted this declaratory judgment action against William W. Blanton, Director of the Division of Motor Transportation, to obtain a judicial determination of whether or not they are contract carriers as defined in KRS Chapter 281 and thereby subject to the regulations provided in the statute. The chancellor held the Companies were contract carriers under this chapter of the statute and liable for the excise taxes under KRS 281.480, and they appeal.

There is no issue of fact raised by the pleadings and the question presented is one of law. Insofar as this case is concerned, the business of each company is leasing motor trucks and cars to customers on a "drive-it-yourself" basis. Copies of the lease contracts of the several plaintiffs are filed in the record as exhibits. Some of them are long term contracts, for a year, containing an option for renewal and providing that when the vehicle becomes entirely depreciated it becomes the property of the customer without additional cost. Other of the contracts are for short terms and cover only a day or a trip. However, all the contracts provide that the lessees shall furnish the drivers, over whom the lessors have no control, and the lessors have no hand in the driving or operation of the vehicles. Their only obligation is to furnish the cars and trucks, keep

them in repair, supply them with oil and gas and pay all taxes and licenses imposed on account of the use of the motor vehicles.

The Companies do not themselves transport any persons or goods for hire in their vehicles, nor do they rent or lease them to persons, firms or corporations who are common carriers, but all of their lessees are engaged exclusively in transporting their own property. No unit is leased to more than one operator at any one time, or to more than one type of operator at any one time.

The answer of the Director pleaded that under the wording of the statute the Companies fall within the provisions of KRS Chapter 281, and asked the court to determine whether or not the regulations and excise taxes there laid apply to them.

It appears to be conceded in briefs that the Companies are not common carriers, but it is insisted by the defendant that when subsections 8 and 4 of KRS 281.010 are read together the Companies are classified as contract carriers by the Legislature. Subsection 8 reads:

"(8) 'Operator of a motor vehicle for hire' means any person who owns, controls, operates or manages any motor vehicle for hire for the transportation of persons or property on any public highway, or any person who engages in the business of leasing motor vehicles for a compensation for the transportation of persons or property upon the public highways, but does not include any person who transports only his own property."

This section makes the owner of any vehicle for hire, or one engaged in the business of leasing such vehicle, for the transportation of persons or property for compensation on the public highways (except one who transports only his own property), an operator for hire. It will be noted that an "operator for hire" does not have to operate or manage the vehicle, but all that is necessary in the eyes of the Legislature to make one an "operator for hire" is that he own the vehicle for hire, or engage in the business of leasing it for compensation for use in the transportation of persons or goods.

The plaintiffs own the vehicles, which are for hire, and the plaintiffs lease them for but one purpose, to-wit, to transport persons or goods on the public highways.

Subsection 4 of KRS 281.010 reads:

"(4) 'Contract carrier" means any person who, under individual contracts or agreements, engages in the transportation (other than as a common carrier) by motor vehicle of passengers or property for hire."

We have just seen that the Companies are operators for hire of vehicles which transport persons or property. They are not common carriers, but as they lease their equipment by individual written contracts, they fall under subsection 4 of KRS 281.010 as contract carriers of persons and property for hire.

It is correctly urged by the Companies that the Legislature is without authority by fiat to convert one into an "operator for hire" or into a "contract carrier" when in reality he is not. There are many cases substantiating this salutary principle. City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. 2d 1092; Reeves v. Adam Hat Stores, 303 Ky. 633, 198 S. W. 2d 789; Roeske v. Lamb, 39 N. M. 111, 41 P. 2d 522; Frost & Frost Trucking Co. v. Railroad Commission, 271 U. S. 583, 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 457; Michigan Public Utilities Commission v. Duke, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105.

But here the Legislature did not arbitrarily make the Companies "operators for hire" or "contract carriers." The Companies not only lease the cars and trucks, but keep them in repair, pay all licenses and excise taxes, and supply the oil and gasoline to operate them—in short, they furnish everything but the drivers and the loads to be hauled. Furthermore, the Companies lease on a mileage basis their equipment to be used for the purpose of transporting people and goods on the public highways.

In the light of these facts it cannot be said that the Legislature by fiat made the Companies operators for hire of motor vehicles used in the transportation of persons or property, nor did the Legislature act arbitrarily in converting operators for hire into contract carriers under subsection 4 of KRS 281.010, since the companies

enter into individual contracts with the lessees. State highways are public property which are primarily used for private purposes. When they are used for the purpose of profit, the use is deemed extraordinary which the Legislature may prohibit or condition as it sees fit. Stephenson v. Binford, 287 U. S. 251, 53 S. Ct. 181, 77 L. Ed. 288, and the many cases therein cited on page 295, 87 A. L. R. 721.

It is true there are many cases holding that the owner of "you-drive-it" cars are not carriers, some of which are State v. Dabney, 176 Ark. 1071, 5 S. W. 2d 304; Lawrence v. Goddard, 124 Fla. 250, 168 So. 13; Armstrong v. Denver Saunders System Co., 84 Colo. 138, 268 P. 976; Roeske v. Lamb, 39 N. M. 111, 41 P. 2d 522; State v. Bee Hive Auto Service Co., 137 Wash. 372, 242 P. 384; State v. Hertz Driv-Ur-Self Stations, 149 Wash. 479, 271 P. 331. But so far as we are able to ascertain, the statutes under which these cases were decided contain no section similar to subsections 4 and 8 of our KRS 281.010.

The Companies insist that the title to the Act (Chapter 185, p. 827, Acts of 1942, now KRS Chapter 281), "An Act relating to motor carriers, repealing all existing laws in conflict therewith, and providing for the substitution of this Act in lieu of Chapter 281, Kentucky Revised Statutes," violates sec. 51 of our Constitution which provides that a law must not relate to more than one subject to be expressed in the title, 'and amendments must be at length. Their argument is that the title only relates to motor carriers to which category they do not belong. While in the parlance of the street, or in slang, the Companies are usually referred to as "you-drive-it," which at most is a coined word, yet "motor carrier" is a generic term and the word certainly would put the owner of any motor vehicle which is hired or leased to carry persons or property on the highways on notice that the Act might relate to him.

We cannot agree with the Companies that KRS Chapter 281 discriminates against them or takes their property in contravention of the 14th Amendment of the Federal Constitution. As we see it, the statute treats all contract carriers alike and it cannot be argued with reason that the collection of the weight tax provided

·in KRS 281.480, which in reality is an excise tax to be applied on the expense of constructing and maintaining the public highways of the State, is a taking of the Companies' property· without due process. The Companies argue that due to the manner in which they conduct their business the statute works a special or peculiar hardship upon them. The answer to that is that the statute makes no requirements of them which are not imposed upon all other contract carriers, and these Companies must make their method of doing business comply with the statute, rather than to insist that the Legislature enact a statute to comply with their method ·of doing business.

The judgment is affirmed.