### Hertz Drivurself Stations, Inc., v. City of Louisville et al. Dixie Driv-It-Yourself System, Louisville Co., Inc., v. Same. U-Drive-It Co. of Ohio, Inc., v. Same.

June 4, 1943.

Mortimer Viser and Davis, Boehl, Viser & Marcus and Greenberry Simmons for appellants.

Lawrence S. Poston and Lewis C. Carroll for appellees.

Opinion of the Court by Judge Sims—Affirming.

These three appeals have been heard together and all of them will be disposed of in this opinion. Each appellant, Hertz Drivurself Stations, Dixie Driv-It-Yourself System, and the U-Drive-It Company of Ohio, as plaintiff below, brought a suit to enjoin the City of Louisville from collecting from it an annual license operating tax laid by city ordinance on trucks used on its streets. The three actions were heard together by the chancellor who refused the injunction, upheld the ordinance, dismissed the petitions and plaintiffs appeal from his judgments.

The sole business of each plaintiff is leasing trucks owned by it to customers on a "drive-it-yourself" basis. The trucks thus rented are operated, controlled and driven by the customers on the streets of Louisville. Plaintiffs have no hand in the driving or operation of the trucks and their sole business is owning and leasing the trucks for hire to customers in need of them while transacting business in Louisville. Under ordinance No. 187 enacted by the city council in 1940 and called a Business Privilege License Ordinance, a revenue raising license tax was laid against the business of each plaintiff. In 1935 the city council passed ordinance No. 201, providing a license fee shall be paid annually "by every owner or operator of a motor truck" before operating same upon the streets of Louisville, which license fees range from $6 for a truck of not exceeding one ton capacity, to $24 for trucks of not more than three tons capacity.

Plaintiffs have paid the business license, or occupational, tax provided in ordinance No. 187, but each of

them refused to pay the annual operating tax laid under ordinance No. 201 and have sought to enjoin its collection on the theory that their sole business is leasing their trucks under the ''drive-it-yourself'' plan for which they pay an occupational tax; that for the city to lay another tax against them for operating their trucks on the streets is laying a tax upon an integral or indispensable part of their business upon which they are already paying an occupational tax and amounts to double taxation, which is against the public policy of the State. It is further argued by plaintiffs that they do not operate their trucks on the streets but that is done by the lessees, hence if the tax is collectible, it must be enforced against the lessees of the trucks and not the owners.

Defendants contend that the tax laid under ordinance No. 187 is a revenue measure in the form of an occupational or business license tax, while that levied under ordinance No. 201 is a regulatory measure passed under authority of sec. 2739g-92, KS (now KRS 186.270), and that a revenue tax and a tax levied under the police power as a regulatory measure may be imposed upon the same business or property without offending our public policy against double taxation.

Plaintiffs put their chief reliance in City of Newport v. Fitzer, 131 Ky. 544, 115 S. W. 742, 21 L. R. A., N. S., 279, wherein it was written that the city, after issuing Fitzer a license for which he paid $20 to carry on the business of a huckster or peddler from a one-horse wagon on the streets of the city, could not then require him to take out a vehicular license of $3 to drive his wagon on the streets. The court reasoned that driving the wagon on the streets was an integral or essential part of Fitzer's huckstering business and as he had paid one license to conduct such business another license could not be imposed upon him for driving his wagon on the streets, unless the ordinance by express words or necessary implication showed it was the intention of the city's legislative body to lay a double tax.

This Fitzer case is easily differentiated from those at bar, since there the second tax of $3 for the privilege of using the streets was not enacted as a regulatory measure but appears to have been a revenue tax just as was the first license fee of $20; while in the cases at bar the opposed tax was enacted under the police power to regulate traffic on the streets of the city.

The same distinction can be drawn between the instant cases and Cumberland Tel. & Telg. Co. v. Hopkins and Louisville & N. R. Co. v. Hopkins, 121 Ky. 850, 90 S. W. 594; Adams Express Co. v. Boldrick, 141 Ky. 111, 132 S. W. 174; American Railway Express Co. v. Com., 187 Ky. 241, 218 S. W. 453, 219 S. W. 427; and other cases cited by plaintiffs. In none of them was the second tax laid under a regulatory measure enacted pursuant to the police power as was the license fee complained of in the instant cases.

In Kroger Grocery & Baking Co. v. City of Lancaster, 276 Ky. 585, 124 S. W. (2d) 745, the ordinance attacked was quite similar to the one now before us. It likewise was enacted under sec. 2739g-92, KS (now KRS 186.270), although the rates were practically double those in the ordinance at hand. That opinion upheld the tax as a valid exercise of the police power and said that if the tax produced funds in excess of those required to regulate traffic, the ordinance was not void so long as the fees collected bore some reasonable relation to such expense. Double taxation is contrary to the public policy of Kentucky except where the legislative body has clearly declared to the contrary. City of Louisville v. Ætna Fire Ins. Co., 284 Ky. 154, 143 S. W. (2d) 1074. In Harco Corp. v. Martin, 271 Ky. 572, 112 S. W. (2d) 693, 700, it was written that the imposition of regulatory motor license fees "presumably adequate to enforce police regulatory requirements" does not amount to double taxation when considered with a purely revenue measure, as is the occupational tax imposed upon the plaintiffs in the cases at bar. The Harco opinion was followed in Gray v. Methodist Episcopal Church, etc., 272 Ky. 646, 114 S. W. (2d) 1141. It is said in 1 Cooley's Laws of Taxation, sec. 229, p. 489:

"For instance, a tax and a license fee which is merely for regulation and not for revenue do not evidence double taxation."

Plaintiffs cite State v. Dabney, 176 Ark. 1071, 5 S. W. (2d) 304; Lawrence v. Goddard,, 124 Fla., 250, 168 So. 13; Armstrong v. Denver Saunders System Co., 84 Colo. 138, 268 P. 976; Roeske v. Lamb, 39 N. M. 111, 41 P. (2d) 522; State v. Hertz Driv-Ur-Self Stations, Inc., 149 Wash. 479, 271 P. 331, as holding that the lessors of cars or trucks are not liable for an operating license tax. Upon examining these authorities we find that

572

the tax imposed was upon "carriers," "cars operated for hire" or upon "passengers or freight being transported." In each instance it was held that the lessors of cars and trucks did not come within the class upon which the tax was laid as the renters of such vehicles were not "carriers," "cars operating for hire" or "cars transporting passengers or freight."

The ordinance we have under consideration provides the license fees shall be paid annually "by every owner or operator of a motor truck" before operating same on the streets of Louisville. It is admitted plaintiffs owned these trucks, and it is patent that in the businesses conducted by them it would be highly impracticable, if not altogether impossible, to collect license fees from the numerous persons who might operate a given truck in the course of a year. Giving ordinance No. 201 the reasonable interpretation it is entitled to in order to carry out the intention of the legislative body of the city, we are constrained to hold it laid this tax upon plaintiffs as owners of the trucks and not upon persons who operated them.

The judgments are affirmed.