# Frank Fehr Brewing Co. v. Commonwealth ex rel. Oates, Com'r of Revenue

Feb. 18, 1944.

668

Peter, Heyburn & Marshall for appellant.

Smith & Leary for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

We have for construction Section 4281c-2, Kentucky Statutes, now KRS 243.720(3) as follows:

"There is hereby levied upon the sale or distribution by sale or gift a tax of one dollar and fifty cents ($1.50) on each barrel of thirty-one (31) gallons and a like or proportional rate per gallon, or fractional part thereof, on beer sold or distributed in any other container of more or less thirty-one (31) gallons."

Since the effective date of the statute, and before, the appellant has maintained a wall faucet connected with a receptacle of beer and convenient drinking cups so that its employees could and did get draughts of beer during their working hours at will and without any charge whatsoever. The beer was consumed there and

none removed from the premises. Casual visitors to the brewery were afforded the same courtesy. In addition to its tap room, the appellant has maintained a Rathskeller on its premises which it permitted individuals and social organizations to use for meetings and entertainment without charge. It furnished bottled beer to such groups, which was drunk then and there, and for which it made no charge and received no consideration or anything of value. It is stipulated that these practices have been the universal custom of breweries in Kentucky and elsewhere in the United States since the commencement of the industry and that it has been a matter of common and general knowledge.

It is further agreed that from May 1, 1936, the effective date of the taxing statute, to October 1, 1937, the appellant, under the above arrangements, furnished 1500 barrels of beer to its employees, 141 barrels to visitors, and 322½ cases to groups meeting in its Rathskeller. The trial court held the Brewing Company liable for the tax on all of such quantities of beer. It amounts to $2,487.81, with 6% interest from July 1, 1937, added. Judgment also went for $1,094.63 penalty.

The Commonwealth emphasizes the word ''gift'' in the clause of the statute, ''the sale or distribution by sale or gift'' of alcoholic beverages, and maintains that it was the legislative intent to levy the tax upon all beer given away. The appellant emphasizes the word ''distribution'' and contends that the intention was not to tax beer consumed on the premises for which no compensation was received, and that ''distribution by gift'' means that which is given away and distributed off the premises for the purpose of advertising or acquiring good will.

It is significant that the title of the Act describes it as relating to revenue and taxation ''on the sale and distribution'' of alcoholic beverages. Chapter 1, Acts of the 1936 3rd Extra Session. The title does not mention ''gift,'' so that to sustain its validity in relation to gifts of the beverage it must be ''distributed.'' It is to be noticed also the text of the statute as it relates to a container less than a barrel is only ''sold or distributed.'' The ordinary and common understanding of that term does not embrace consumption. It carries the idea of removing or delivering it or permitting it to be done in customary receptacles. Too literal an interpre-

tation of the phrase would require the company to pay the tax on a mug of beer drunk by the president of the company or the brewmaster in order to sample or test the product. The beer given visitors of the plant in cups is a little closer to being a distribution by gift, and yet the amount given and the advantage, if any, are relatively very small. It has never been the custom to tax mere hospitality in Kentucky. Primarily to prevent evasion and subterfuge, gifts of intoxicating liquor in small quantities is a legitimate subject of regulation or prohibition. But that purpose does not prevail here.

There are several other sections of this taxing statute which indicate that it was the intention to cover only traffic or commercial transactions in the several beverages. Some of those sections refer only to the sale of beverages or to beverages sold or to be sold. Sections 4281c-1, 4281c-13, 4281c-5, 4281c-10, 4281c-15 and especially 4281c-19 require the filing with the Commissioner of Revenue of a sworn statement by every licensee "of all his trafficking in alcohol during the preceding month."

Moreover, to ascribe the meaning to the phrase contended for by the Commonwealth would require the deletion of the word "distribution" and make the provision read as levying a tax "upon the sale or gift of malt beverages." "It is an elementary rule of construction that effect must be given, if possible, to every word, clause, and sentence of a statute." Hampton v. Commonwealth, 257 Ky. 626, 78 S. W. (2d) 748, 750. As said in County Board of Education v. Goodpaster, 260 Ky. 198, 84 S. W. (2d) 55, 57: "No part may be eliminated or ignored if it can be reasonably harmonized with other provisions." It must be remembered also that taxing statutes are construed more strictly against the State and in favor of the taxpayer. Kentucky Tax Commission v. Fourth Avenue Amusement Company, 293 Ky. 668, 170 S. W. (2d) 42. In view of the admitted universal and long standing custom of breweries in giving small quantities of its product to its employees and casual visitors, which has been a matter of general and common knowledge, we think that if the Legislature had intended the tax to apply to such beverages it would have clearly provided for it.

The gift of beer to groups using the company's Rathskeller is of a different character. This was un-

doubtedly for advertising and good will purposes. It would be no different if the brewery should regularly and frequently donate large quantities of its product to, say, the firemen and policemen's ball or bar association meeting. It is not believed there was any intent to let such commodity get by without taxation. Indeed, the appellant in its brief concedes its taxability.

To the extent that the judgment held the 322½ cases of beer to be taxable it is affirmed. It is reversed as to the other quantities.