SPOTLIGHT MINIATURE GOLF, Inc., a Kentucky Corporation, Appellant,

v.

DEPARTMENT OF REVENUE et al., Appellees.

Court of Appeals of Kentucky.

March 18, 1955.

Rehearing Denied June 24, 1955.

796

Irwin G. Waterman, Louisville, for appellant.

William E. Scent, Asst. Atty. Gen., James R. Ford, Legal Staff, Revenue Dept., Owenton, Bradford Garrison, Legal Staff, Revenue Dept., Lexington, James Tyler, Frankfort, for appellees.

CULLEN, Commissioner.

The question is whether fees for the privilege of playing on a miniature golf course constitute "admission[s] to places of amusement or entertainment" and as such are subject to the state excise tax on the sale of such admissions imposed by KRS 138.020. In a declaratory judgment action brought by the proprietor of a miniature golf course in Louisville the circuit court held that the fees were taxable, and the proprietor has appealed.

Subsection (1) of KRS 138.020 imposes an excise tax upon "the sale of admission[s] to places of amusement or entertainment", subject to certain exceptions not important here. Subsection (2) of KRS 138.010 defines places of amusement or entertainment as including "theaters, ball parks and stadia, lecture halls, dance halls, night clubs, skating rinks, public bathing places, and all places of other

sorts, whether like the above mentioned or not, at which businesses providing amusements or entertainments, or both, for which a charge is made are operated".

The appellant's miniature golf course is located within a fenced area, but the public is invited to enter and circulate freely within the fenced area without charge. A person desiring to play miniature golf must pay a fee of 40 cents, which entitles him to the use of a golf ball and a putter, and to the use of the course. Persons who do not desire to play are permitted to circulate through the course without restriction and without fee or charge.

The Kentucky statute has not previously been construed on the point here in question, and we find no decisions construing similar statutes of other states. However, there have been several decisions under the Federal Admissions Tax Statute, 26 U.S. C.A. § 1700 et seq., upon somewhat similar questions.

In United States v. Koller, D.C., 287 F. 418, it was held that the federal statute applied to the sale of tickets which entitled the purchaser to skate upon a skating rink. In Twin Falls Natatorium v. United States, D.C., 22 F.2d 308, the federal statute was held applicable to fees charged for the use of a swimming pool. In Fritz v. Jarecki, 7 Cir., 189 F.2d 445, fees for the use of a merry-go-round and similar amusement devices in an amusement park were held taxable under the federal statute. In Wilmette Park District v. Campbell, 338 U.S. 411, 70 S.Ct. 195, 94 L. Ed. 205, the federal statute was held to apply to admissions to a public bathing beach.

In the Wilmette case and in the Fritz case, it was pointed out that in the enjoyment of amusements or entertainments there is involved almost always a *use of equipment or facilities* in addition to *the privilege of being admitted to an area,* and it was held that the admissions tax statute was not rendered inapplicable merely because a use of equipment or facilities was a part of the consideration for the admission charge.

■ It is obvious that somewhere there is a dividing line between what constitutes an admission to a *place* of amusement or entertainment, and what is merely a fee for the use of an amusement or entertainment *device*. It seems to us that the line must be found in the degree or extent to which the amusement or entertainment involves operation by the patron of equipment or artificial devices, as distinguished from the use of an area. Accordingly, if the *predominant* feature of the amusement or entertainment is the operation by the patron of equipment or an artificial device, then the fee must be considered a *use* charge rather than an *admission* charge.

Applying this principle to a miniature golf course, and utilizing common knowledge of the physical structure of such courses, we find that a miniature golf course furnishes amusement or entertainment principally in the application of equipment by the patron to a wholly artificial structure. The course itself partakes more of the nature of an amusement device than an area. The predominant thing is the use of the specific facilities, rather than the use of the area.

In such of those places specifically mentioned in KRS 138.010(2) as involve *patron participation*, i. e., dance halls, night clubs, skating rinks and public bathing places, the use of the *area* is the predominant thing, and equipment is incidental. It will be observed that three of the federal decisions earlier mentioned in this opinion involved skating rinks or public bathing places, which are specifically included in the Kentucky statute. So these three decisions do not furnish any basis for extending the application of the Kentucky statute beyond the limitations of the theory of predominance we are here expressing.

Even the Fritz case, Fritz v. Jarecki, 7 Cir., 189 F.2d 445, can be reconciled. There, although it could be said that the amusement *device* was the predominant thing, the patron did not *operate* the device, but merely *occupied* it.

■ Since none of the places specifically mentioned in KRS 138.010(2) are of the type in which operation of some device or equipment by the patron, as a participant, is the predominant feature of the amusement or entertainment, we cannot read into the statute any intent to cover places of the latter type. We must construe the statute more strictly against the state and in favor of the taxpayer. Frank Fehr Brewing Co. v. Commonwealth ex rel. Oates, 296 Ky. 667, 178 S.W.2d 197.

■ It is our opinion that under the particular facts of this case, the fees for playing on appellant's miniature golf course are not taxable under KRS 138.020.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.

STEWART, C. J., and CAMMACK, J., dissenting.