**IROQUOIS POST NO. 229, AMERICAN LEGION, DEPARTMENT OF KENTUCKY, Appellant,**

v.

**CITY OF LOUISVILLE et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1958.

Raymond C. Arny, J. Allen Sherman, Paul L. Humphrey, Louisville, for appellant.

S. M. Russell, Frances M. Thompson, J. W. Jones, Louisville, for appellees.

STEWART, Judge.

In this action brought by Iroquois Post No. 229 of the American Legion against the City of Louisville the Post is seeking exemption from the payment of taxes as an "institution of purely public charity". See Section 170 of the Constitution of Kentucky. The lower court adjudged that the Post was subject to taxation and dismissed the complaint. This appeal is from the judgment entered.

The Post is the owner of real estate and personal property located at 800 West Woodlawn Street in the City of Louisville. On this site it has erected a building containing a hall on the first floor which is employed as a meeting place for the membership and which is used in addition for its social activities. Adjoining the hall is a kitchen and a bar. On the second floor are two offices and also a small room for group meetings.

The Post has some 565 members. Of its officers only the adjutant is salaried, but it employs a full time manager and a porter who are paid $100 per week and $50 per week, respectively. Monthly meetings of the membership and the executive committee take place regularly. Bingo is played one night each week, a fish fry is held each Friday evening and a dinner is served once a month. Saturday afternoons the Post is open to card playing members and their guests. Frequently, meetings of other groups are allowed in the hall; sometimes these are free, sometimes for only a janitor fee.

The American Legion was incorporated by an Act of Congress on September 19, 1919, (36 U.S.C.A. §§ 41–51) and, among other rights, was given power " * * * to establish State and Territorial organizations and local chapter or post organiza-tions * * *." The Post was thereafter organized as a local chapter of the state department. The purposes of the national department as set forth in Section 42 and adhered to by the local Post are:

"To uphold and defend the constitution of the United States of America; to maintain law and order; to foster and perpetuate one hundred per cent Americanism; to preserve the memories and incidents of our associations in the Great Wars; to inculcate a sense of individual obligation to the community, state and nation; to combat the autocracy of both the classes and the masses; to make right the master of might; to promote peace and goodwill on earth; to safeguard and transmit to posterity the principles of justice, freedom and democracy; to consecrate and sanctify our comradeship by our devotion to mutual helpfulness."

The following table summarizes the proof as to the Post's yearly income and yearly contributions to charitable causes:

| Year | Income | Charity |
|------|--------|---------|
| 1951–52 | $30,000 | $1,240 |
| 1952–53 | 32,000 | 837 |
| 1953–54 | 39,000 | 1,290 |
| 1954–55 | 42,650 | 2,235 |
| 1955–56 | 38,180 | 1,620 |

Two basic conditions must be established in order to warrant an exemption from the payment of taxes. First, the institution must itself be a charity and the income from its property must be used to further its charitable purpose; secondly, the property must be employed for a purely charitable purpose. We believe the Post has failed to meet either of these conditions.

It is the primary use made of the property, not alone its declared objects, which determines whether it is exempt. This concept is well stated in 51 Am.Jur., Taxation, Section 601, page 584, in these words: "The test of whether property is within an exemption from taxation of in-

stitutions of purely public charity is whether the property itself is dedicated to charity and used exclusively as an institution of purely public charity, and not whether the organization owning it is one of purely public charity."

It is well settled in Kentucky that the burden rests upon an organization such as the one before us to establish clearly its right to an exemption from the payment of taxes. See Mordecai F. Ham Evangelistic Association v. Matthews, 300 Ky. 402, 189 S.W.2d 524, 168 A.L.R. 1216; Todd County v. Bond Bros., 300 Ky. 224, 188 S.W. 2d 325. Also the right to such an exemption must always be strictly construed. The reason for these two rules is that the avoidance of tax contributions is an exception to the general principle which compels every citizen, corporate or natural, to bear his fair share of the cost of government; and the exoneration granted to one person places an additional burden upon all the others. Kesselring v. Bonnycastle Club, 299 Ky. 585, 186 S.W.2d 402.

This Court has held that the institution must be one of purely public charity in order to come under the constitutional provision. We have taken cognizance of the fact that the word "purely" as used in Section 170 of the Constitution of Kentucky has a particular meaning. Thus we have held that charitable institutions maintained for the benefit of the aged and the orphaned young of fraternal organizations and religious sects may be exempt from the payment of taxes. The effect of such a holding is that "purely" is not definitive of "public"; that is to say, "purely" modifies "charity". See Preachers' Aid Society, etc., v. Jacobs, 235 Ky. 790, 32 S.W.2d 343.

It is our view the evidence in this case, considered along with declaration of purposes of the organization, makes it plain that the disbursing of charity is not the principal object of the Post. The property itself is used as a meeting place and as a club for its social activities. Its announced mission as set forth in its credo is to a large extent patriotic. The evidence reveals that, out of an income ranging from some $30,000 in its leanest year up to $42,000 in its best year, the Post has donated to various charities in the community amounts varying from annual contributions of $837 to $2,235. The balance of its income has been utilized to purchase and maintain the Post property. In the light of these facts it cannot be said that the Post is a charitable organization per se, nor can it be plausibly argued that the receipts from its property are devoted to carrying out a charitable purpose.

When the framers of our Constitution wrote that an "institution of purely public charity" is exempt from taxation they had in mind an institution that dispenses concrete, practical, objective charity, characterized by things actually done for the relief of the unfortunate and the alleviation of suffering. One of the main inquiries in the case at bar is whether the building of the Post has been, in a practical sense, used for charitable purposes; and it cannot be held to have been so used unless charity was actually dispensed there, or unless it provided necessary quarters for an organization whose prime aims and functions were of an actively charitable nature. See Appeal of Scottish Rite Bldg. Co. v. Lancaster County, 106 Neb. 95, 182 N.W. 574, 17 A.L.R. 1020.

From the record in this case it cannot be said the Post sought out objects of charity beyond its own membership, and we believe it was in the charitable field only in the same way that any kindhearted person might come in contact with need and suffering and hasten to relieve it. In the final analysis, we conclude the Post's principal activities centered around promoting the interests and gratifying the wishes of its own membership. The dispensing of charity appears to be an incidental portion of its program.

The judgment is affirmed.