William A. GEORGE, Appellant,

v.

William E. SCENT, Commissioner, Department of Revenue, Commonwealth of Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

April 21, 1961.

As Modified on Denial of Rehearing June 23, 1961.

Stanley B. Mayer, Louisville, for appellant.

John Breckinridge, Atty. Gen., Wm. S. Riley, Hunter B. Whitesell, Asst. Attys. Gen., for appellees.

STANLEY, Commissioner.

This action by William A. George, as a class representative, against the Commis-

sioner of Revenue and the Attorney General, seeks a judgment declaring rights and determining the scope and effect of the 1960 Act of the General Assembly called the "Veterans' Bonus Sales and Use Tax Law" with respect to taxes on the sale or use of motor vehicles upon which a similar tax has been paid to another state.

The Act, Chapter 5, Acts of 1960, has six articles and many sections and subsections. Article I is a new and complete general Gross Receipts or Sales Tax statute (now Chapter 139, Ky.Rev.Stats.). Article II amended the existing motor vehicle usage tax statute (KRS 138.460 et seq.). Article III practically rewrote the Income Tax Statute (Chapter 141, KRS). Article IV repealed the Utilities Receipts Tax (KRS 136.240) and amended various sections relating to license taxes (KRS 137.030 et seq.). Article V appropriated money for use by the Department of Revenue. Article VI contained a severability clause, declared an emergency and postponed the effective dates of several provisions of the Act.

Another lengthy and comprehensive Act, Chapter 186, also amended and added a number of provisions to the revenue statute, some of which relate to motor vehicles. Article I, §§ 19, 28, Article IV, § 3, *post*. Both of these Acts (Ch. 5 and Ch. 186) amended KRS 138.460, concerning the motor vehicle usage tax.

The appellant, while a resident of Michigan, bought an automobile in that state in March, 1960, paid a three percent sales and use tax thereon and registered the car in that state. Subsequently, upon becoming a resident of Kentucky, in August, 1960, he sought registration and licensing of the car as required by KRS 138.460. The clerk refused to register it or issue a license because the appellant declined to pay the Kentucky usage tax on the car.

The trial court recognized the difficulty of determining the legislative intent of the 1960 Act in some respects, but construed the law as exacting the usage tax, holding that the previous payment by the plaintiff of the Michigan tax was immaterial. The court further declared the Act did not violate the Federal or State Constitutions.

The questions are: (1) the proper construction of the statutes in their application to such transactions; and, if the court should determine that payment of the use tax is required, (2) the constitutional validity of the application, which is challenged on the ground that it offends the equality clauses of the Federal and State Constitutions, that is, on the ground of discrimination.

Article I, § 4, paragraph (1), of the Act of 1960, c. 5 defines "Gross receipts" as meaning "the total amount of the sale, lease or rental price, as the case may be, of 'retail sales' or 'sales at retail', valued in money, whether received in money or otherwise, without any deduction on account of any of the following:" (Enumeration omitted.) Paragraph (3) of the section says " 'Gross receipts' do not include any of the following: * * * (f) The sales price of any motor vehicle (including those defined under KRS 189.010(5) and 189.010(10),[1] which has never been registered in Kentucky."

Article I, § 20, imposes a tax of three percent of the gross receipts derived from retail sales after June 30, 1960.
Section 31 reads:

"An excise tax is hereby imposed on the storage, *use* or other consumption in this state of *tangible personal property purchased* on or after July 1, 1960, for storage, *use* or other consumption *in this state* at the rate of three percent of the sales price of the property." (Emphasis added.)

Section 72 reads:

1. Trailers and semitrailers.

"The tax levied by Section 31 of this Article *shall not apply* with respect to the storage, use or other consumption of *tangible personal property* in this state *upon which a tax* substantially identical to the tax levied under Section 20 of this Article (not including any special excise taxes such as are imposed on alcoholic beverages, cigarettes and the like) *equal to or greater* than the amount of tax imposed by Section 31 of this Article *has been paid in another state*. Proof of payment of such tax shall be according to rules and regulations of the department. If the amount of tax paid in another state is not equal to or greater than the amount of tax imposed by Section 31 of this Article, then the taxpayer shall pay to the department an amount sufficient to make the tax paid in the other state and in this state equal to the amount imposed by Section 31 of this Article. No credit shall be given under this section for sales taxes paid in another state if that state does not grant credit for sales taxes paid in this state." (Emphasis added.)

█ Here is a broad exclusion from the excise tax of *all* tangible personal property to be *used* in this state if a similar tax has been paid in another state. The term, of course, includes motor vehicles.

A "grandfather clause" in Article VI, § 2, indicates an intention that all provisions of Article I relate to motor vehicles. It reads:

"Nothing contained in Articles *I*, II, or IV of this act shall affect any liability for *motor vehicle usage taxes*, utility gross receipts taxes, or retail occupational license taxes arising out of the *registration or use of motor vehicles,* * * * if such *sale, registration or use,* * * * occurred or was transacted prior to July 1, 1960." (This section was omitted from the publication in the Revised Statutes.)

As above stated, Article II amended the existing motor vehicle usage tax statute. It had been enacted in 1936 (3rd Extra Session, Ch. 14) in part substitution of general sales taxes imposed in 1934 (Ch. 25, Acts, and Ch. 19, § 3, Acts of Special Session) which had been repealed at the 1936 regular session. Ch. 101, Acts of 1936. The statute, as it read before 1960, KRS 138.460, imposed on the use in this state of every motor vehicle a tax equal to three percent of its retail price.[2] But there were expressly exempted (KRS 138.-470) vehicles (1) sold to the United States, the State, a city or other political subdivisions, or to any charitable, religious or educational institution; "(2) Used motor vehicles registered or licensed in this state during the same or immediately preceding license period."; "(3) Motor vehicles owned by a person bona fide domiciled in another state and used and licensed in that state by the owner during the same or immediately preceding license period."; and (4) vehicles of public carriers upon which another tax had been paid.

Appellant's automobile would have been expressly exempted by subsection (3), above quoted.[3] But the 1960 Act, Ch. 5, Article II, amended KRS 138.470 by elimi-

---

2. In Ch. 186, Acts of 1960, the Legislature amended KRS 138.460 to make the tax levy on ninety percent of the retail price and to require production of certain proof thereof.

3. The Michigan "Use tax act," § 205.94, subsection (e), reads: "Property the sale or use of which has already been subjected to a sales tax or use tax equal to or in excess of that imposed by this act under the law of any other state of the United States: Provided, That if the sale or use of property has already been subjected to a tax under the law of any other state in an amount less than the tax imposed by this act, the provisions of this act shall apply, but at a rate measured by the difference only between the rate herein provided and the rate by which the previous tax was computed."

nating subsections (3) and (4) and changing subsection (1) to include only vehicles sold to the United States and to the State of Kentucky. Subsection (2), above quoted, was re-enacted in identical language. If this were all, there would be no trouble, for the elimination of subsection (3) may be regarded as evincing, prima facie, an intent to bring such used vehicles within reach of the tax tentacles after twenty-five years of exclusion. But this is not all. The other provisions in the new and extensive legislation cannot be ignored. From them it appears the Legislature failed to carry through the apparent purpose, singly manifested.

A recapitulation of the 1960 Act is that Article I excludes from its operation (1) vehicles never registered in Kentucky (§ 4, par. (3)(f); (2) the "use" of all tangible personal property upon which a tax substantially the same has been paid in another state (§ 72); (3) and all transactions occurring prior to July 1, 1960 (§ 2, Art. VI). It defines the term "use" as meaning "the exercise of any right or power over tangible personal property incident to the ownership of that property, or by any transaction in which possession is given, except that it does not include the sale of that property in the regular course of business." § 19. Article I also expressly excludes many specific sales and transactions, among which are those that the state is prohibited from taxing under the Constitution of the United States or of Kentucky, and gasoline or special fuels otherwise subject to similar taxation. §§ 46, 47, 48.

■ Ostensibly, such taxes are imposed upon the privilege of *use* of motor vehicles in the state. But, generally, a motor vehicle use tax is regarded as complementary of a general sales tax. 47 Am. Jur., Sales and Use Taxes, § 42; Notes 129 A.L.R. 230. As complementary, the statutes must be correlated. Indeed, the existing usage tax statute, KRS 138.450 et al. as amended was integrated with the

1960 general sales tax Act. It is true that the present and other like statutes are interchangeably denominated "usage tax" or "use tax." But words are flexible. The substance rather than the form is to be considered. The end to be achieved is to subject the sale of motor vehicles to the prescribed tax, so a wider meaning should be given the word "use" or "usage." This was certainly the meaning of our statute when it was enacted in 1936 as a limited sales tax. That statute, as does the present one, required the "sales tax" to be paid by the seller, who may pass it on to the buyer. The "use tax" is payable by the user or owner of the property in this state. See City of Covington v. State Tax Commission, 257 Ky. 84, 77 S.W.2d 386; Gray v. Methodist Episcopal Church, etc., 272 Ky. 646, 114 S.W.2d 1141. Because of their mobility, the use tax is a justifiable device to protect the revenue and local dealers from outside purchases of automobiles; otherwise, their purchase out of the state would escape payment of the state's sales tax. Together the two provisions form a comprehensive tax system applicable to the sale of motor vehicles. It is an excise and not a property tax or fee for regulation. Said the court in Gray v. Methodist Episcopal Church, etc., supra, "[I]t is a revenue statute, pure and simple."

■ Such statutes "normally exempt goods upon which a sales tax has previously been paid." 47 Am.Jur., Sales and Use Tax, § 42. This results in equality. Annotations, 129 A.L.R. 223, 228; 1 A.L.R. 2d 453.

There is ambiguity in the statutes now because of the inconsistency between the main sales and use tax provisions of Article I (KRS, Ch. 139) and the motor vehicle use statute Article II (now KRS 138.450 et seq.), which now omits such exclusion. With one voice the Legislature has excluded the appellant's automobile from the use tax and with another has silently implied that his car is included.

With the foregoing consideration of the nature and purpose of the sales and use laws as enacted and amended by the 1960 Act (Ch. 5) and the critical analysis of their terms and ambiguities, we turn to consider the general rules of construction of statutes and our conclusions reached by applying those rules.

We are asked by the taxing authorities, appellees herein, to ignore Article I of the 1960 Act as of no significance in interpreting Article II, and read it as if it were complete in and of itself as amended. But we are not at liberty thus to deny effect to a part of the same enactment as if it were not there.

The presumption is that the Legislature intends an Act to be effective as an entirety. No rule of statutory construction has been more definitely stated or more often repeated than the cardinal rule that significance and effect shall, if possible, be accorded to every part of the Act. So, the construction of the present Act requires consideration not of a few words or only of the amendment of the previous motor vehicle usage statute, but of the whole Act of 1960 concerning the sale and use tax on the price of motor vehicles brought into the state upon which a bona fide resident of another state has already paid a similar tax.

Taxing laws should be plain and precise, for they impose a burden upon the people. That imposition should be explicitly and distinctly revealed. If the Legislature fails so to express its intention and meaning, it is the function of the judiciary to construe the statute strictly and resolve doubts and ambiguities in favor of the taxpayer and against the taxing powers. Frank Fehr Brewing Co. v. Commonwealth, 296 Ky. 667, 178 S.W.2d 197. This is particularly so in the matter of pointing out the subjects to be taxed. Martin v. F. H. Bee Shows, 271 Ky. 822, 113 S.W.2d 448; Frank Fehr Brewing Co. v.

Commonwealth, supra: Cooley on Taxation, §§ 503, 505.

We do not overlook the concomitant and equally as firm rule, pressed by the appellees, that an intention of the Legislature to grant an exemption from taxation will not be presumed or implied, since taxation of all is the rule and exemption is the exception. But the rule calls for no strained construction adverse to the apparent intention of the Legislature. Stearns Coal & Lumber Co. v. Thomas, 295 Ky. 808, 175 S.W.2d 505; Iroquois Post No. 229, etc. v. City of Louisville, Ky., 309 S.W.2d 353. It requires a normal and reasonable construction. Cooley on Taxation, § 672.

The instant case does not concern an exemption of a person or institution or municipality from taxation. Cf. City of Covington v. State Tax Commission, 257 Ky. 84, 77 S.W.2d 386. It concerns the question of whether the broad terms of Article I of the 1960 Act allow credit for taxes already paid a sister state on used motor vehicles brought into the state.

It is to be remembered that equality of taxation is the demand of the Constitution. §§ 171, 172, 173. It is a touchstone by which a taxing statute is to be tested. The principal decision in Henneford v. Silas Mason Co., 300 U.S. 577, 57 S.Ct. 524, 527, 81 L.Ed. 814, cited by the parties herein, was that the imposition of the sales and use tax by the State of Washington upon construction machinery and material brought into the state was not a burden upon interstate commerce, for it was levied after the property had come to rest. With reference to the payment of similar taxes on the same property in other states, Mr. Justice Cardozo observed:

"When the account is made up, the stranger from afar is subject to no greater burdens as a consequence of ownership than the dweller within the gates. The one pays upon one activity or incident, and the other upon another,

but the sum is the same when the reckoning is closed. Equality exists when the chattel subjected to the use tax is bought in another state and then carried into Washington."

If the appellant and others similarly situated should be called upon to pay the Kentucky tax upon their used cars, it would result in unfairness, if not discrimination, as between them and citizens who had purchased automobiles in this state and paid the Kentucky use tax within the same period and between motor vehicles and other tangible personal property. KRS 138.470 (2) and Art. II, § 2, Act of 1960, c. 5, supra. See Reeves v. Deisenroth, 288 Ky. 724, 157 S.W.2d 331, 138 A.L.R. 1493, construing an ambiguous statute relating to reciprocal immunity from registration, licensing and regulation of foreign commercial motor vehicles.

 Moreover, while taxes levied by distinct sovereignties, each for its own purposes, upon the same tax basis are technically not double taxation and are usually valid, Fox v. Board for Louisville & Jefferson County Children's Home, 244 Ky. 1, 50 S.W.2d 67; 51 Am.Jur. Taxation, §§ 494, 459, as a matter of fact, the appellant and others of his class would have to pay twice for the same privilege of use, i.e., a sales tax or its equivalent. A construction of a statute which avoids double taxation in any form is favored where the intention of the Legislature is not clear in respect . thereto. Campbell County v. City of Newport, 174 Ky. 712, 193 S.W. 1, L.R.A.1917D, 791; Falls City Brewing Co. v. Talbott, 265 Ky. 541, 97 S.W.2d 57; Hertz Drivurself Stations v. City of Louisville, 294 Ky. 568, 172 S.W.2d 207, 147 A.L.R. 306; 51 Am.Jur., Taxation, § 286.

 The instant case seems to justify the repetition, in part, of statements made in Atlantic Coast Line R. Co. v. Commonwealth, 302 Ky. 36, 193 S.W.2d 749, 758. In construing an ambiguous statute, it is logical to consider the consequences of one or another construction. "If one construction reconciles the ambiguity with other provisions of the law clearly expressed, produces uniformity and equality and results in just and equitable treatment * * * and gives recognition to the principle of reciprocity between the states, that is the construction to be adjudged. If another construction threatens unconstitutionality [citation], puts the particular provision out of line with the rest of the Act, results in discrimination, harsh or unjust treatment of [a] taxpayer * * * , causes a pyramiding of taxes, * * * violates the principles of reciprocity between the states, then that construction should be denied. This is so, for a legislative intent not clearly revealed may be presumed to hold in contemplation the reasonable and probable. If something else was in view, it should not have been left to implication. There will be no assumption of a purpose to visit oppression."

 Our conclusion is that the appellant and others similarly situated are entitled to have their motor vehicles registered and licensed in Kentucky upon proving they have paid similar and equal taxes in another state.

The judgment is reversed for consistent proceedings.

WILLIAMS, PALMORE and STEWART, JJ., dissenting.

. WILLIAMS, Judge (dissenting).

The majority of the Court is of the opinion that the two revenue measures (1) Sales and Use Tax and (2) Motor Vehicle Usage Tax are so inseparable as to be incapable of individual interpretation. The fact is, however, the Sales and Use Tax (Chapter 5, Acts 1960) is entirely new legislation, while the Motor Vehicle Usage Tax has been in effect since 1936. The Motor Vehicle Usage Tax statute was amended in 1960 to the extent, insofar as pertinent here, of

deleting certain exemptions from that statute. A further amendment was by an Act (Chapter 186) completely separate and distinct from the Act providing for Sales and Use Tax (Chapter 5). The Motor Vehicle Usage Tax now and since its inception has levied a usage tax on every motor vehicle used in this State, subject to certain exemptions. The motor vehicle in question here does not fall within a class that is exempted therein. The Sales and Use Tax Act allows a credit against that tax if a sales tax has been paid in another state under a reciprocal arrangement. That credit provided by the Sales and Use Tax cannot be made a part of the separate and distinct Motor Vehicle Usage Tax by judicial fiat. That the Sales and Use Tax was enacted in 1960 and the Motor Vehicle Usage Tax was amended in the same year should not be treated as destroying their separate identities.

We have before us a taxpayer who is claiming an exemption from the Motor Vehicle Usage Tax by virtue of the credit provision that exists only under the general ales and Use Tax. The Acts in question are capable of separate interpretation and should be so construed.

For these reasons, I am of the opinion the appellant is not entitled to an exemption, and respectfully dissent from the majority opinion. Judges Palmore and Stewart join me in this dissent.