**COMMONWEALTH of Kentucky, by and on relation of James E. LUCKETT, Commissioner of Revenue, and Lawrence P. Layne, Jefferson County Tax Commissioner, and the Kentucky Board of Tax Appeals, Appellants,**

v.

**GRAND LODGE OF KENTUCKY, ANCIENT ORDER OF FREE AND ACCEPTED MASONS, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1970.

Edith F. Stanley, Richard C. Porter, Jr., Louisville, for appellants.

J. Leonard Walker, Louisville, for appellee.

CULLEN, Commissioner.

This appeal is by the Commonwealth of Kentucky, County of Jefferson, by and on relation of the Kentucky Commissioner of Revenue, and the Jefferson County Tax Commissioner, and the Kentucky Board of Tax Appeals, from a judgment of the Jefferson Circuit Court which set aside an order of the Kentucky Board of Tax Appeals. The board's order had ruled that the headquarters building of the Grand Lodge of Kentucky, Ancient Order of Free and Accepted Masons, in Louisville, was subject to ad valorem taxes. The

judgment, in setting aside the order, held that the building was exempt from taxation.

The position of the Grand Lodge, concurred in by the circuit court, is that it is an "institution of purely public charity" within the meaning of Section 170 of the Kentucky Constitution, and its building is exempt as being devoted to institutional purposes. The appellant taxing authorities maintain that the building itself is not devoted exclusively to charitable purposes and therefore is not exempt from taxation.

The evidence shows that the Grand Lodge subsists on dues paid by members of local lodges, and that more than 80 percent of the receipts are paid out for charitable purposes. It is clear that the Grand Lodge's primary aims and functions are of an active charitable nature. The appellants do not contend that the Lodge itself is not an institution of purely public charity. They concentrate their arguments on the particular use of the building in question.

The building is used as administrative headquarters for the Grand Lodge. It contains office rooms, storage vaults for records, a conference room for business sessions, space for a Masonic employment association and for an agency that solicits funds for the Masonic homes, a museum and a library. The building is not used for lodge meetings or for social activities.

The appellants rely upon language in Iroquois Post No. 229, American Legion v. City of Louisville, Ky., 309 S.W. 2d 353, to the effect that, to achieve tax exemption, it is not enough that the institution itself be a charity and use its income to further its charitable purposes, but in addition "The property must be employed for a purely charitable purpose." The appellants interpret this as meaning that the property must be employed *directly* in charitable work. We think this is a misinterpretation, and that it is sufficient that the ultimate effect of the use of the property is to accomplish the charitable purposes of the institution. That this is so is illustrated by the holding that *income-producing* property of a charitable institution is exempt from taxation. See City of Louisville v. Presbyterian Orphans Home Society, 299 Ky. 566, 186 S.W.2d 194. And it is made crystal clear by the statement in the Iroquois Post case (309 S.W.2d 353 at 355) that for a building to be exempt, charity must actually be dispensed there *or* it must provide "necessary quarters for an organization whose prime aims and functions * * * [are] of an actively charitable nature."

It is our conclusion that the circuit court correctly held the building to be exempt. Support for this position is found in cases from other jurisdictions annotated in 22 A.L.R. 907 at 908 and in 83 A.L.R. 773 at 774.

The judgment is affirmed.

All concur.