**WHAYNE SUPPLY COMPANY, Appellant,**

v.

**COMMONWEALTH of Kentucky By and on Relation of Gary GILLIS, Commissioner of Revenue, Appellee.**

Court of Appeals of Kentucky.

Jan. 11, 1985.

Bruce F. Clark, Judith A. Villines, Stites & Harbison, Frankfort, for appellant.

Nathan Goldman, Legal Services Section, Revenue Cabinet, Frankfort, for appellee.

Before COMBS, WHITE and DUNN, JJ.

DUNN, Judge.

The Revenue Department initiated a judicial review in the Franklin Circuit Court of the Board of Tax Review's order approving Whayne Supply Company's method of paying use tax on parts that are integrated into heavy equipment which it, as lessor, leases temporarily while holding it for resale. Whayne Supply Company seeks to reverse that Court's judgment which reversed the Board's approval of its method and to reinstate the Board's order of approval because it is based on substantial evidence and is in conformity with the law. We reverse.

KRS 139.430 allows a taxpayer to elect to pay use tax on rental proceeds from property that is being leased while the taxpayer is holding it for ultimate sale at retail. It provides:

... If the sole use of the property, other than retention, demonstration or display in the regular course of business, is the rental of the property while holding it for sale, the purchaser may elect to pay the tax on the use measured by the amount of the rental charged rather than the sales price of the property to him.

The Cabinet's regulations 103 KAR 28:050(2) similarly provide that in interim lease cases the following rules apply:

(1) Where the sole use of the property is its rental while holding it for sale, the retailer may elect to include in his gross receipts the amount of the rental charged rather than his cost of the property.

(2) A lessor liable for tax under this section may not pass the tax on to the lessee as a separate charge.

(3) Upon the subsequent sale of the property the retailer shall include in his gross receipts the total sales price of the property.

The Revenue Cabinet recognizes that the statute and the regulation allow the taxpayer to pay the use tax on equipment measured by the rental proceeds. It also recognizes that the tax on repair parts need not be made until ultimate sale, if there has been a lease followed by repair and the use of the part and then a sale, if the cost of the part is added to the sticker price at which the equipment is sold and upon which the ultimate use tax is paid. Obviously the full tax is thus paid upon the repair part. However, the Revenue Cabinet refuses to accept that this statute also applies to repair parts where there is a lease, followed by repair, then another lease, then ultimate sale. In other words, the Revenue Cabinet's position is that KRS 139.430 does not apply to parts when they are integrated into leased equipment as under the facts of this case. We disagree.

Whayne Supply's primary business involves the retail sale of heavy equipment and parts for heavy equipment. It is its practice to temporarily lease equipment being held for ultimate sale at retail. Two situations develop from this practice whereby it uses parts to repair a given piece of equipment that was previously leased. One is where it is ultimately sold without being released, with the part cost added to the sticker price and the use tax paid on sale. The other is a lease, followed by repair, then release and ultimate sale. Its method was to increase the sticker price by the value of the part, pay tax on the resulting increased rental value, and again pay on the increased sticker price at ultimate sale. It is this method the trial court rejected. It accepted the Revenue Cabinet's method of taxing the part at its full value at the time it was released and then again at the time of ultimate sale.

We are obliged to apply the applicable limitations of KRS 131.370(3) to the scope of the trial court's judicial review. They in pertinent part are:

(c) The order, decision, or award is not in conformity to the law, and

(d) If findings of fact are in issue, whether such findings of fact support the order, decision or award.

■ We agree with Whayne Supply there can be no dispute that the Board's finding of fact supports its order. The record substantiates its brief that the Board made the following pertinent findings:

No. 12. Whayne purchases repair and replacement parts from its suppliers, and Whayne is unable to determine at the time of purchase whether the repair and replacement parts will be resold as separate parts, or will be incorporated into machinery and equipment previously leased by Whayne.

No. 13. After the previously leased machinery and equipment has been restored and upgraded by the use of repair and replacement parts, the machinery and equipment, including any repair and replacement parts utilized therein, is again held by Whayne for sale at retail, but the machinery and equipment might be leased again on a short or long-term basis.

No. 14. If the previously leased machinery and equipment, (including the repair and replacement parts) is thereafter sold at retail by Whayne, sales tax is paid on the gross proceeds of the sale, including the value of the repair and replacement parts.

No. 15. If the previously leased machinery and equipment (including the repair and replacement parts) is thereafter leased to another customer, Whayne pays the tax on the rental proceeds.

No. 16. The rental proceeds of the machinery and equipment leased by Whayne include and reflect the value of any repair and replacement part previously used by Whayne in repairing the machinery and equipment.

We also agree that these findings more than adequately support the Board's order which was based on the following conclusions of law:

6. The repair and replacement parts used by Whayne to repair previously leased equipment were initially purchased for resale under KRS 139.270.

7. KRS 139.430 grants the taxpayer the option of paying use tax on the rental proceeds of property which is rented while being held for resale, as opposed to paying use tax on the full value of such property.

8. Materials used by Whayne to repair previously leased equipment continued to be held for resale as a part of the repaired equipment.

9. Whayne complied with the provisions of KRS 139.430 by paying use tax on the rental proceeds of equipment being held for resale, and the rental proceeds included the value of any repair or replacement parts contained in the equipment.

10. The assessment of use tax against Whayne for the use of repair and replacement parts in machinery which is thereafter leased while being held for resale is erroneous and unlawful, and should be vacated and reversed as not being in accordance with KRS 139.430.

■ These conclusions are accurate statements of the law, supported by findings of fact and should be upheld. *Kentucky Board of Tax Appeals v. Brown Hotel Co.*, Ky.App., 528 S.W.2d 715 (1975), upon which the Revenue Cabinet relies, being factually distinguishable, is simply not applicable. To the contrary, if the Revenue Cabinet's method were approved, it would result in the double taxation on the full value of the repair parts discouraged by *George v. Scent*, Ky., 346 S.W.2d 784 (1961). We are constrained to point out that our holding applies only to situations involving the facts of this case where the sticker price is increased by the full value of the repair parts both upon release and ultimate sale.

The judgment of the Franklin Circuit Court reversing the order of the Board of Tax Appeals is REVERSED and the order of the Board of Tax Appeals is to be reinstated.

All concur.