J. SUTTER'S MILL, INC., Appellant,

v.

REVENUE CABINET, COMMON-
WEALTH OF KENTUCKY,
Appellee.

No. 89–CA–1670–S.

Court of Appeals of Kentucky.

April 20, 1990.

Discretionary Review Denied
by Supreme Court
Sept. 19, 1990.

James A. Nitsche, Wyatt, Tarrant & Combs, Louisville, for appellant.

Douglas M. Dowell, Revenue Cabinet, Frankfort, for appellee.

Before CLAYTON, EMBERTON and McDONALD, JJ.

McDONALD, Judge.

J. Sutter's Mill, Inc., appeals from an order of the Madison Circuit Court affirming a decision of the Board of Tax Appeals. We affirm the circuit court.

The appellant operated a tavern in Richmond, Kentucky. Patrons were charged a one-dollar admission fee. In 1984 the Kentucky Revenue Cabinet informed the appellant that it was in arrears for failing to collect and remit a sales tax on the admission fees. J. Sutter's Mill appealed to the Board of Tax Appeals, which ruled in favor of the Revenue Cabinet, and the trial court affirmed.

KRS 139.200 makes all retail sales subject to a 5 percent sales tax. KRS 139.100(2)(c) defines a retail sale to include a sale of admissions. Administrative regulation 103 KAR 28:010 states that the sale of admissions to "places of amusement or entertainment" are subject to the tax, and explains that:

> Section 2. Places of amusement or entertainment include, but are not limited to, theatres, motion picture shows, auditoriums where lectures an[d] concerts are given, amusement parks, fairgrounds, race tracks, baseball parks, football stadiums, street fairs, dance halls, cabarets, night clubs, art exhibits and gymnasiums.

The facts in this case revealed that J. Sutter's Mill offered some features that could be considered forms of entertainment. Music was played over loudspeakers, and there was a dance floor. The bar also featured several television sets as well as video and foosball games. On occasion the management allowed the facility to be used for events such as fashion shows or fraternity fund-raisers, although, as the appellant points out, it received only a rental fee for these functions, which were run exclusively by the groups presenting them.

Both J. Sutter's Mill and the Revenue Cabinet have cited us to the case of *Spotlight Miniature Golf, Inc. v. Department of Revenue*, Ky., 279 S.W.2d 795 (1955). This curious decision, construing KRS 138.010(2), now repealed, held that "if the *predominant* feature of the amusement or entertainment is the operation by the patron of equipment or an artificial device, then the fee must be considered a *use* charge rather than an *admission* charge," and thus not subject to the admissions tax. *Id.* at 797 (emphasis in original). Inasmuch as this applies to the present case at all it appears to favor the appellee. As the appellant would surely admit, patrons did not pay a dollar cover charge primarily to use the bar's video games; "the use of the *area* is the predominant thing, and equipment is incidental." *Id.* (emphasis in original).

The appellant has focused on the language of Section 3 of 103 KAR 28:010, which deals with swimming pools and skating rinks. This section provides that if these facilities charge a separate fee "for which the person charged can only be a spectator," then this amount is subject to the sales tax, while a charge merely for the use of the rink or the pool is not. By analogy, the appellant reasons that the one-dollar entry charge was merely a fee for the use of its facility. To constitute an "admission," the argument goes, something more is required, some show at which the patron is a passive spectator. In support of this the appellant reminds us that tax laws must be strictly construed in favor of the taxpayer. *Id.; see also George v. Scent*, Ky., 346 S.W.2d 784, 789 (1961).

However, we must also take into account KRS 139.260, which provides that "it shall be presumed that all gross receipts are subject to the [sales] tax until the contrary is established." This throws the burden of establishing "the contrary" squarely on the taxpayer.

Furthermore, we are required to construe statutes according to their plain meaning. *Bailey v. Reeves*, Ky., 662 S.W.2d 832, 834 (1984). The statutes in question clearly impose a sales tax upon the sale of admissions. We are not authorized to impose restrictive language upon a statute which contains none. *Id.*

Although the appellant's argument is not without logic, we must reject its interpretation of the law as overly narrow. The regulation clearly includes "dance halls, cabarets [and] night clubs" in a list of examples that is not meant to be all-inclusive.

The Board of Tax Appeals' order amounted to a finding that J. Sutter's Mill did not meet its burden of proving that it was not a place of entertainment whose admissions were subject to the sales tax. Our review, like the circuit court's, is limited to a determination of whether this finding was supported by substantial evidence. *Trimble County Board of Supervisors v. Mullikin*, Ky., 438 S.W.2d 524, 525 (1968). On the whole, we think that it was.

The order of the Madison Circuit Court is affirmed.

All concur.